## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. A. S. CHILTON ET AL.

### Decided December 5, 1908.

**1.—Overflow—Damage to Land—Measure of Damage.**

The measure of damage to land by overflow is the difference between the market value of the land immediately before and immediately after the injury. Hence, testimony as to the market value of the land about a year after the injury, is not admissible in the absence of other evidence that the conditions affecting the value of the land were practically the same on the two dates.

**2.—Railroads—Insufficient Openings in Roadbed—Overflow—Damage—Charge.**

In a suit against a railroad company for damage to land from an overflow caused by the negligent construction of its roadbed, the court charged the jury as follows: "If you find from the evidence that the defendant so constructed its roadbed . . . as to obstruct and impound the waters of said stream, and said embankment broke, and the flood caused thereby flowed over and across plaintiffs' land and injured said land, you will find for the plaintiffs. Held, not upon the weight of the evidence; and, there being no evidence tending to show any other cause for the impounding of the water, it was not subject to the objection that it ignored the question of what might have been the proximate cause of such impounding.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*Thomas & Rhea,* for appellant.

*Turney & Lewis,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—The appellees, A. S. and A. J. Chilton, brought this suit against the Missouri, Kansas & Texas Railway Company of Texas, the appellant, to recover damages caused by overflow of their land during the year 1905, said land being situated in what is known as Five Mile Creek bottom, about nine miles south of Dallas. It was alleged by plaintiffs that the natural flow of the water in Five Mile Creek was in a southeasterly direction, but by reason of the negligent construction of appellant's railroad embankment across said stream and the valley thereof in not providing sufficient openings through same for the water to pass in high water, the flow of the waters had been changed from its natural course and caused to back up against and on the west side of said embankment, causing same to break on the 13th of May, 1905, pre-

cipitating the waters over the land of plaintiffs, washing same and damaging said lands to the extent of thirty-one hundred and ten ($3,110) dollars.

The defendant plead the general issue, and that the damage to plaintiff, if any, was due to an unusual and unprecedented rainfall.

On January 16, 1907, R. G. Phillips intervened in said suit, claiming that he held notes on the land, aggregating one thousand and ninety (1,090) dollars without interest, which notes were secured by vendor's and mortgage liens on the land, and that by reason of the facts plead by plaintiff, intervener's security had been impaired to the extent to which land had been damaged by the overflow, and asked that judgment be rendered for such injuries. against the defendants, and that the court set aside to intervener such part of the damages awarded as might seem just and right.

The trial before a jury resulted in a verdict in favor of the plaintiff for the sum of $1250, and judgment was thereupon entered by the court in favor of the plaintiffs, and against the defendant in the said sum of $1250, directing that the same when collected be paid into the registry of the court, to be applied two-thirds to the indebtedness of the intervener, R. G. Phillips, and the balance to plaintiff's attorneys. From this judgment the appellant prosecutes this appeal.

It is assigned that the trial court erred in refusing to grant appellant's motion for a new trial because the verdict of the jury is excessive. This assignment should not, in our opinion, be sustained. The evidence was amply sufficient to warrant the amount of the verdict. Indeed, a verdict for a larger sum would have been justified by the testimony.

J. M. Hagler, a witness for the plaintiffs, was asked the following question: "Well, Mr. Hagler, if the land had been cleared, as you say it was, and it was in a high state of cultivation, clean and clear, what would you say the piece of land would be worth?" Appellant's counsel objected to this question on the ground that there was no evidence in the case to justify the hypothesis upon which the question was based. The objection was overruled and the witness permitted to answer, "It was worth from $70 to $75 per acre." We think there was no error in this ruling of the court. Plaintiffs had testified that their land had been cleared and in cultivation for several years before the overflow; that at the time of the overflow there was a nice crop on the land, and it was in fine condition. This testimony found in the record is sufficient to meet the appellant's objection, and show the correctness of the court's ruling. We have examined the authorities cited by counsel for appellant in support of their position and believe they are not in point.

We are also of the opinion there was no error in refusing to permit the witness Thigpen to testify to the value of plaintiffs' land on March 14, 1906. This witness, it appears, did not see the land after it was cleared and put in cultivation, nor until about one year after the overflow and injury to it. The measure of damages in such case is the difference between the market value of the land immediately before and immediately after the injury. By the evidence excluded the appellant sought to show the value of the land nearly one year

after the damage complained of was done, without showing that the conditions affecting its value were the same as they were just after the overflow. It is true, the witness Thigpen stated that "there had been practically no change in the *value of the land* in that community since May, 1905, to March, 1906, but without further evidence that the conditions affecting the value of plaintiffs' land were practically the same on March 14, 1906, as they were just after the injury, its value at the latter date would not furnish the proper criterion for determining plaintiffs' damages.

Appellant's fourth assignment complains of the following charge: "If you find and believe from the evidence that the defendant so built and constructed its roadbed across Five Mile Creek and the bottom lands adjacent thereto, in such a manner as to obstruct and impound the waters of said stream, and said embankment broke, and the flood caused thereby flowed over and across plaintiffs' lands and injured said land, you will find for the plaintiff. If you find for the plaintiff you will affix the damages at such sum as you may find to be the difference between the reasonable market value of the land before the injury, if any, and immediately after the injury, if any." The objection to this charge is that it is upon "the weight of the evidence, in that it excludes any other issue than the mere impounding of the waters," and instructed a verdict for plaintiffs if the jury should find that defendant's embankment obstructed and impounded the waters of the stream, thereby ignoring the question of what might have been the proximate cause of such obstruction and impounding. The objection is not well taken. It was a statutory duty imposed upon appellant to construct in its roadbed such necessary culverts and sluices as the natural lay of the land at the point in question required for the necessary drainage thereof, and a violation of this duty rendered it liable for such damages as plaintiffs sustained as a result thereof. The charge complained of very fairly submits those issues to the jury, and we fail to find any substantial evidence in the record tending to show that any other cause than the failure of appellant to provide its roadbed with sufficient openings for the passage of the water, proximately contributed to the damage done the plaintiffs' property. In other words, we fail to find any evidence raising an issue as to the proximate cause of the injury to appellees' property, and the charge quoted was sufficient. The charge was in no respect upon the weight of the evidence.

The contention that the evidence was sufficient to justify the conclusion that the drift accumulated in the creekbed above the railroad embankment, or that the ditch cut by the Trinity Rod and Gun Club changed the surface waters of Five Mile Creek and "impounded the waters of said creek against the embankment of defendant" and proximately contributed to cause plaintiffs' damage, is not sustained. We think the evidence conclusively shows that neither the said drift nor this ditch in any way contributed to cause the overflow resulting in the injury to plaintiffs' land. For this reason the court correctly refused appellant's requested charge, made the basis of its fifth assignment of error, submitting such an issue.

The evidence warranted the conclusion that the rainfall was not

unusual and unprecedented. The material allegations in plaintiffs' petition were sufficiently established to justify the verdict of the jury; the issues raised were fairly submitted, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.