ROBERT R. HASKINS & al. vs. EPHRAIM H. LOMBARD
& als.

If the obligor in a bond, so written that it appears to have been contemplated
by the parties that it should be signed by several, sign and seal the paper,
and at the same time annex a reservation or condition to his act, that it shall
not be binding upon him, unless signed by the other obligors named, he will
not be bound by it, unless signed also by the others named as obligors; but
if the bond be signed and delivered without any condition or reservation an-
nexed, although under an expectation, that it would be signed by the others,
it is his deed, and it will be binding upon him, although the others do not
sign it.

Where one party, by a writing under seal, agreed to make a certain discount
on demands not then payable, if the other party would by a certain time
" give good and reasonable security for the payment of the balance" by a
time fixed; an agreement made by responsible persons with the obligee to
pay the sums due to the obligors, with a power authorizing the enforcement
of payment in the name of the obligee for the benefit of the obligors, they
having received advantage from it without making known any objection,
was held to be a substantial compliance by the obligee with the agreement.

If a covenant be by several with one, if the interest be separate, and the per-
formance cannot be made jointly, the covenant must be regarded as several,
unless the intention of the parties appears to have been, that each should be
bound for the performance of the other.

The pendency of a bill in equity, claiming the specific performance of a con-
tract, does not preclude the plaintiff in equity from making a defence at law
in a suit by the other party against him.

ASSUMPSIT on a note from the defendants to the plaintiffs for
$2169,04, dated *Jan.* 1, 1833, payable in two years from date.
The defendants read in evidence a paper under seal, dated *Au-
gust* 16, 1834, signed by the plaintiffs and by *Abbe* and *Bradley*,
which is referred to in the opinion of the Court. This paper recit-
ed the previous transactions between the parties; the embarrass-
ment of *Lombard* and the other defendants, and that " whereas the
undersigned are desirous of procuring from said *Lombard* further
and better security for the payment and discharge of said notes
and obligation, after making the deduction hereinafter agreed by us
—now therefore in consideration that the said *Lombard* will on or
before the first day of *Jan.* next, give us good and reasonable secu-
rity for the payment of the balance of what is now due from said
*Lombard* to us or either of us," that they would make him a dis-

count of five thousand dollars ; and that if by the time aforesaid, he would give security " for the payment of any part of said premises, we will make the deduction in the same proportion." The defendant filed a bill in equity in the County of *Kennebec*, claiming a specific performance of this contract. The facts in the case, and the grounds taken in the argument, appear in the opinion of the Court.

At the trial before SHEPLEY J. the plaintiffs contended, that the paper of *August* 16, 1834, was not binding upon them, because not signed by *Niles*, and that when they signed it, they did so only with the reservation or condition, that it should be signed by *Niles* before it was delivered to *Lombard*. The Judge instructed the jury, that if the plaintiffs, when they signed and delivered the paper annexed such reservation or condition to their act, it would not be binding upon them unless *Niles* also signed ; but if they did not annex any reservation to their act of signing and delivering, it would bind them, although they might have expected *Niles* to sign ; that it would in such case be the disappointment of an expectation, and not a violation of a contract or condition annexed. He also instructed them, that if they found the paper to be the deed of the plaintiffs, they would then examine the testimony submitted to them to prove that *Lombard* had made the security required by the bond, and within the time required by it ; and if they found that *Lombard* had made the security required by the bond, and within the time required by it ; and if they found that *Lombard* had performed on his part within the time required, he would be entitled to the allowance claimed ; and that it might be made in this action, although no claim was filed in set-off. The verdict for the defendants was to be set aside, if the instructions were erroneous. There was also a motion to set aside the verdict, as against evidence.

The case was argued by *Rogers*, for the plaintiffs, and by *J. Appleton*, for the defendants.

*Rogers* cited 13 *Johns. R.* 359 ; *Cutter* v. *Whittemore*, 10 *Mass. R.* 442 ; *Bean* v. *Parker*, 17 *Mass. R.* 591 ; *Bond* v. *Farnham*, 5 *Mass. R.* 174 ; 5 *Johns. R.* 101 ; 12 *Johns. R.* 99.

Haskins *v.* Lombard.

*Appleton* cited *Scott* v. *Whipple,* 5 *Greenl.* 336; 3 *Harrison's Dig.* 2336; 10 *Wend.* 310; *Phelps* v. *Johnson,* 8 *Johns. R.* 54; 4 *Wend.* 360.

The opinion of the Court was drawn up by

SHEPLEY J. — This case having been argued upon a motion for a new trial as well as upon the report, without a full report of the testimony, it becomes necessary to state briefly some of the prominent facts which do not appear in the report. Before the first of *January,* 1833, the plaintiffs, and *Abbe* and *Bradley,* and *Salmon Niles,* had purchased of the State one undivided half of the west part of township numbered four in the first range of townships north of the *Bingham Penobscot* purchase, and had given their notes to the State to pay for the same in yearly instalments, each party giving his own note for his own share. And on that day they conveyed the same to the defendant; the plaintiffs conveying one fourth, *Abbe* and *Bradley* one eighth, and *Niles* one eighth. The defendant, to secure the payment, gave them obligations to pay the notes which they had given to the State, and mortgages of the same property to secure performance; and to each his note with surety to secure the payment of his proportion of the advanced price. Before these notes became due, the defendant and some of his sureties became embarrassed; and on the 16*th* of *August,* 1834, the obligation, referred to in the report, was made and afterward executed by the plaintiffs and by *Abbe* and *Bradley,* but not by *Niles,* although written to be executed by him also. On the 12*th* of *September* following, the defendant conveyed the fourth, which he purchased of the plaintiffs, to *Prentiss Whitney* and others, and took from them an obligation to himself, to pay the notes which the plaintiffs had given to the State. This obligation he lodged in the office of the Treasurer of the State, who had the custody of the plaintiff's notes, with a power attached, authorising them to institute a suit for their own benefit, in case of failure of performance. It appeared that all the notes, due from the plaintiffs to the State, had been paid, excepting one for $1191, not payable; and that all due from defendant to plaintiffs, were paid or secured before the 1*st* of *January,* 1835, excepting the one now in suit.

The defendants introduced the obligation of the 16th of *August*, with this and other proof of a compliance with its terms, as a defence to the note.

The first objection taken by the counsel for the plaintiffs, is, that the obligation, not being signed by all, was not delivered as their deed, or binding upon them.

Where a deed is prepared to be signed by several and is not signed by all, whether it is the deed of those who do sign it, depends upon the fact whether it was signed and delivered as an escrow only until signed by the others, or was delivered as the deed of the party signing. In the case of *Johnson* v. *Baker*, 4 *B. & A.* 440, it was stated in the meeting of those interested before the deed was executed, that if all the creditors of one *Bulpin* did not execute it, that it should be void. The defendant after this at the same interview executed it, and all the creditors did not. The court were of opinion, that the conversation, which took place immediately previous to the execution, must be taken as part of the transaction, and so the subsequent delivery was conditional, and the defendant not bound by it.

In *Cutter* v. *Whittemore*, 10 *Mass. R.* 442, the bond, as in this case, was written to be executed by three parties, and it was executed but by two of them. *Jackson J.*, in delivering the opinion of the court, says, " if there had been any agreement or condition at the time, that it should not be delivered as their deed unless the third person named as obligor should also execute it, this would shew, that it was delivered as an escrow." In the absence of such evidence it was decided to be binding upon those who did execute it.

In *Scott* v. *Whipple*, 5 *Greenl.* 336, the deed was signed by three of the four persons named in it as parties of the first part; and it was contended, that the deed must be regarded as an escrow, because it was not signed by all, but having been delivered without any condition annexed, it was determined to be their deed, although it was admitted, that those who signed, " expected *that* one would sign also." It will be perceived, that the distinction taken in the charge between a condition or reservation annexed to the delivery and an expectation, that another would sign, had already received the approbation of the Court. The testimony to prove the char-

acter of the execution, and delivery, was submitted to the jury with proper instructions, and there does not appear to be any sufficient cause for a new trial on this point of the case.

The second question for consideration is, whether the defendant performed so as to entitle himself to the deduction provided for in the obligation. The testimony on this point was at the trial agreed to be received without requiring formal proof from the public office of what took place there, and the court must now consider, that it was properly received. From the certificate of the Treasurer it is apparent, that the contract signed by *Whitney* and others, must have been deposited in his office before the time appointed for making the security. There is now no reason to doubt the fact; but it is objected, that such contract did not give to the plaintiffs any security, they not being parties to it. They had power to institute a suit for their own benefit in the name of the defendant, and that right would have been protected in a court of law against any release or interference of the defendant. The obligation does not prescribe the security to be given, and any such security as would be both legally and beneficially available may, after they have received an advantage from it without making known any objection to it, be regarded as a substantial compliance. The question whether the defendant had on his part complied with the terms of the obligation, involving many matters of fact, was necessarily submitted to the jury; and it may be, that instructions were not given upon the construction of the papers so specific as may now be perceived to have been desirable. But if the points had then been made, it is presumed the instructions would have been given, or some exception would have been taken, or request made for more particular instructions.

The third question is, whether these facts constitute a defence to this suit. It is objected, that the obligation is a joint one, and that there can be no severance of it, and an application of part of the sum only to the defendants. The facts show, that each of the three parties to it conveyed his separate share of the estate and received his separate security upon it. And the obligation provides, that the defendant may give security " *to us or either of us ;*" and being given, that " we will make the deduction *in the same proportion ;*" and that a release from the mortgages shall be given of

" such part of the premises as we shall receive security for." As the securities and mortgages were separate these deductions and releases must of necessity have been separate acts; and the defendant was authorized to give security to either separately. Where the interest of the covenantees is several, each may sue separately, although the obligation be joint. So where the interest of the covenantors is separate, and performance cannot be made jointly, the covenant must be regarded as several, unless the intention of the parties appears to have been, that each should be bound for the performance of the other. If the intention of the parties was, that each should make the deduction and release in proportion as he should be secured, and that they were not to be bound for each other, and this they had carefully avoided in all the prior proceedings, this objection would prove to be without foundation. If this be doubtful, yet upon the principle of the case of *Phelps* v. *Johnson,* 8 *Johns. R.* 54, the defendant might claim the benefit of the joint obligation as payment *pro tanto* of the note. In that case, two agreed by sealed notes to pay, and one of them afterward gave a bond and mortgage for the amount due upon the notes, and the promisee covenanted with him to deliver up the notes. It was decided, that this covenant with one was a bar to an action against both upon the notes. The Court say this construction is necessary to avoid circuity of action, for the defendant would be entitled to recover back under the covenant the same sum in damages which would be recovered on the notes. So the defendant in this case might recover against the plaintiffs and others, the precise sum recovered upon the note, and might collect the whole of it from the plaintiffs alone. And as the obligation is to deduct from the note it may operate as a receipt in part payment or as a release of so much as should be deducted.

Nor does the pendency of the bill in equity preclude the defendant from making his defence at law if it will avail him there. It is said that he should not be permitted to make this defence upon the principle of abatement, the pendency of that process taking away such right. But in abatement, the party is defeated upon strict legal principles; while none such exist in this case to prevent the party from using his obligation and testimony as a legal defence.

He may defeat his bill in equity, but its pendency cannot take away his right to defend against the note.

*Judgment on the verdict.*