HUFFMAN IMPLEMENT CO. v. C. M. TEMPLETON.

(No. 3162.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

WALLACE HENDRICKS, counsel for appellant.

TEMPLETON & KERN, counsel for appellees.

§ **13.** *Failure of trial judge to file his conclusions of law and fact; when not a ground for reversal.* Appellant's first assignment of error is the failure of the trial judge to file his conclusions of facts and law, the cause having been tried by the judge, and appellant having demanded, in due time, that such conclusions be filed. It is not always that the failure of the judge to perform this duty will be ground for reversing the judgment, and we do not think it constitutes ground for reversal in this instance. There is a full statement of facts in the record, and it does not appear that appellant has been injured, or could be injured, by reason of the non-performance of such duty by the judge. [Bank v. Stout, 61 Tex. 571; 2 Civil Cas. Ct. App., § 224; 3 Civil Cas. Ct. App., § 359.]

§ **14.** *Sale by partner to his copartner; when property in hands of assignee of the latter is not subject to garnishment by creditor of firm; case stated.* Appellant, having a judgment against the firm of Towle & Adams, garnished appellee, who answered that he was not indebted, etc. Appellant controverted said answer, and upon a trial of the issues judgment was rendered for said garnishee. In substance the facts are that Towle & Adams were partners in business, and owed several partnership debts, among which was the debt due appellant. Adams sold his interest in the business to Towle, and the latter obligated himself to the former to pay all the debts of the firm. After this sale by Adams to Towle, the latter made an assignment for the benefit of his consenting creditors, and appellee was named and duly qualified as assignee, and proceeded to execute said assignment. It is admitted in the agreed statement of facts that said assignment was in accordance with the statute and valid upon its face. It was made by Towle after the dissolution of the firm of Towle & Adams, and was not the assignment of that firm. Towle had become the owner of Adams' interest in the firm, and the as-

35

signment conveyed and passed to the assignee all the property then owned and claimed by Towle. This property was of course subject to the partnership debts existing against that firm, but subject only in the manner prescribed by the statute governing such assignments. In the hands of the assignee the property assigned was not subject to attachment or garnishment by a non-consenting creditor, except as to any excess which might remain in the hands of the assignee after the payment of the claims of the consenting creditors and of costs and expenses. [Sayles' Civil St., art. 65*h*; Schoolher v. Hutchins, 66 Tex. 324.]

October 26, 1889.               Affirmed.