**INTERNATIONAL & G. N. RY. CO. v. DIAZ.**

(Court of Civil Appeals of Texas. San Antonio. April 23, 1913. Rehearing Denied May 21, 1913.)

1. APPEAL AND ERROR (§ 1071*)—FINDINGS OF FACT—REFUSAL TO FIND.

Refusal to find any facts whatever is not a cause for reversal, where there is a full statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

2. RAILROADS (§ 424*) — KILLING ANIMALS — DEFENSES—RUNNING AT LARGE.

Where plaintiff's mule wandered on defendant's track at a crossing in a city, and was negligently struck by an approaching train, it was no defense that the mule was at large, in violation of a city ordinance.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1521–1526; Dec. Dig. § 424.*]

3. RAILROADS (§ 415*) — KILLING ANIMALS — STREET CROSSING—CARE REQUIRED.

It was the duty of the engineer of a train approaching a street crossing to keep a constant lookout and exercise reasonable care to prevent striking men or animals upon the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1476–1482; Dec. Dig. § 415.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

4. RAILROADS (§ 443*) — KILLING ANIMALS — NEGLIGENCE—EVIDENCE.

Plaintiff's mule, having escaped, went on defendant's railroad track at a crossing, and was killed by an approaching train. The mule could have been seen for a long distance by the engineer if he had been on the track, and an eyewitness swore that the train was 200 yards off when the mule was grazing on or near the track, and that no signals were given and no effort made to stop the train. The mule was on the engineer's side when struck, and the only claim was that he was not seen until the train was so near him that it could not be stopped, though the engineer testified that he could see ahead for blocks. *Held,* that the railroad company was chargeable with actionable negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

Appeal from Bexar County Court for Civil Cases; Geo. W. Huntress, Judge.

Action by Joe Diaz against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Cobbs, Eskridge & Cobbs, of San Antonio, and Wilson, Dabney & King, of Houston, for appellant. J. D. Childs, of San Antonio, for appellee.

FLY, C. J. Appellee sought the recovery of damages from appellant resulting from the death of a certain mule, which came to its end by being struck by a moving locomotive, operated on the track of appellant in the city of San Antonio. The grounds of negligence were a failure to reduce the speed of the train to 10 miles an hour in obedience to an ordinance of said city, a failure to ring a bell or blow a whistle at street crossings, and a failure to exercise ordinary diligence in discovering said mule on the track, and, if they did discover it, a failure to stop the train. A claim was made for $225, and on a trial by the court judgment was rendered in favor of appellee for $200.

[1] The court filed findings of fact, and refused to find further facts when requested so to do by appellant. There is a statement of facts, and a refusal to find any facts whatever is not a cause for reversal, where there is a full statement of facts. Implement Co. v. Templeton, 4 Willson, Civ. Cas. Ct. App. § 13, 14 S. W. 1015; Umscheid v. Scholz, 84 Tex. 265, 16 S. W. 1065; Bank v. Stout, 61 Tex. 567; Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870. The first assignment is therefore overruled.

The evidence showed that the mule was on the track of appellant, or near enough to it to be struck by a locomotive of appellant and killed, in a street in the city of San Antonio. There was a witness who saw the mule on or near the track, and saw the locomotive strike and kill him. The train was running at the rate of about 20 miles an hour when the mule was struck. The body of the mule was found about three feet from the track. The evidence indicates that the engineer saw the mule, or could have seen him, in time to have avoided colliding with him. There was a conflict of evidence as to the position of the mule before the collision, but there was testimony tending to support the judgment of the trial judge. The engineer did not swear that he was keeping watch on the track at the time of the collision, but said: "I am positive that I was looking and had my eye on the track because I made a practice to do it. I would not say so, on this particular, because it is so far off." The court credited the testimony of the old Mexican, as he had the right to do, who testified that he saw the collision.

[2] The mule was at large in the streets of San Antonio, in violation of the ordinances of the city, but that did not authorize his willful or negligent "taking off" by the railroad. His owner should not have permitted him to be at large; still the mule had escaped from his owner, and was not such an outlaw that every one that found him could take his life. No effort was made to warn men or animals that a rapidly moving train was approaching. There was evidence tending to show that no bell was rung or whistle sounded by the engineer, and that the train was running at an unlawful and reckless rate of speed through the streets of the city. Appellant cannot justify or excuse acts caused by its violation of law by a plea that the mule was on the street in violation of law.

[3] The mule when killed was on a street where men have a right to be at any and all times, and where it was the duty of appellant to keep a constant outlook. It may not have anticipated that a loose mule would be on the street, but it was under obligation to anticipate that men and animals in charge of men would be on the street crossing at any hour of the day or night. As said by this court in Railway v. Broomhead, 140 S. W. 820: "The fact that a person may without authority enter upon a railroad track does not relieve railroad companies of the duty devolving on them, in the operation of their dangerous agencies, of being watchful for men or beasts upon the tracks, but they will be held to owe the duty at all times when a train is in motion, at all points along their highways, to keep a reasonable outlook, and to exercise reasonable care to prevent injury to one on the track." To the same effect are Railway v. Sympkins, 54 Tex. 615, 38 Am. Rep. 632, and Railway v. Watkins, 88 Tex. 20, 29 S. W. 232.

In the case of Railway v. Corn, 110 S. W. 485, and 102 Tex. 194, 114 S. W. 103, the railway train killed a number of cattle on its fenced track, upon which the cattle had entered through a gate which was open. The defective condition of the gate and a failure to discover the cattle on the track were the grounds of negligence. There was one witness to the killing of the cattle besides the employés, a woman, who was in her yard,

about 100 yards from the track, when the train passed. She testified that no whistle was sounded nor bell rung; nor was any effort made to stop the train until the cattle had been killed. She did not see the engine strike the cattle. The engineer flatly contradicted her testimony as to sounding the whistle and ringing the bell and as to making an effort to stop the train. In deciding the case the Court of Civil Appeals of the Second District held: "The fourth assignment asserts that 'the uncontradicted evidence shows that the engineer exercised all the care and caution to avoid the accident after he discovered the animals on the track, and therefore there was no evidence to support a verdict for negligence on account of any failure in that respect,' and the sixth assignment is to the same effect. But, as already seen, there was the testimony of Mrs. Boone contradicting to some extent that of the engineer, which was some evidence at least." A writ of error was granted by the Supreme Court, and in affirming the judgment of the Court of Civil Appeals it was said: "The testimony as to what Mrs. Boone observed contradicted the testimony of the engineer in regard to the discovery of the cattle and his attempt to stop the train. At all events the testimony would show that they had failed to blow the whistle in time to have scared the cattle from the track, if the whistle had been sufficient for that purpose. The presumption must be, we think, since it was the custom of the railroad to give sharp blasts of the whistle in order to clear the track of live stock that were found upon it, that the whistle would, in some instances at least, result in the avoidance of an accident or injury." That case is quite applicable to this.

[4] The issue in this case was as to whether the animal was on the track at a time when the engineer could have seen him and could have frightened him off by sounding the whistle or ringing the bell, or could have stopped the train. It is not contended that the mule could not have been seen for a long distance by the engineer if he had been on the track, but the only contention is that he was not seen until the train was so near him it could not be stopped. On that issue there was a conflict of evidence. Juan Ramirez swore that the train was 200 yards off when the mule was grazing on or near the track; that no signals were given and no effort made to stop the train. The engineer did not claim that he endeavored to stop or lessen the speed of the train, and swore that he could see ahead for blocks. He did not swear positively to giving any signals. The mule was knocked off on the east side of the track, corresponding to the side of the engine occupied by the engineer.

The judgment is affirmed.

TALIAFERRO, J., did not sit in this case.