PEERS v. WILLIAMS. (No. 8100.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 13, 1915.)

APPEAL AND ERROR ☞1071 — FAILURE TO FILE CONCLUSIONS OF FACT AND LAW — CONFLICTING EVIDENCE.

Where the evidence in the statement of facts approved by the trial judge is conflicting, failure, on seasonable request of a party to file conclusions of fact and law as required by statute is ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. ☞1071.]

Appeal from Cooke County Court, R. V. Bell, Judge.

Action by F. W. Williams against the Missouri, Kansas & Texas Railway Company of Texas, in which Val Peers was made a party. From a judgment for plaintiff against Val Peers, the latter appeals. Reversed and remanded.

Stuart, Bell & Moore, of Gainesville, for appellant. Culp, Murphy & Culp, of Gainesville, for appellee.

CONNER, C. J. This suit was originally instituted in the justice court of precinct No. 1 of Cooke county by F. W. Williams against the Missouri, Kansas & Texas Railway Company of Texas for the sum of $108 alleged to be the value of 720 pounds of cotton at 15 cents per pound, which had been burned through the negligence of the railway company after the cotton had been received by it for shipment. The railway company answered, to the effect that the cotton burned consisted of 120 bales that had been purchased by one Val Peers, who owned the same at the time of the fire, and to whom the full value thereof had been paid. The plaintiff thereupon prayed that Peers be made a party, and that in event it was determined that the railway company had paid Peers, then he, plaintiff, have a judgment against Peers for the value of the cotton for which he sued. Peers was duly made a party as prayed for by the plaintiff, and the trial in the justice court resulted in a judgment in plaintiff's favor against Val Peers for $75. The judgment was also in favor of the railway company, acquitting it of all liability. The appellant Val Peers appealed to the county court, where the railway company was dismissed altogether, it appearing that no appeal had been prosecuted from the judgment in its favor, and no assignment calls in question this action of the county court. The trial in the county court resulted in a judgment for the plaintiff, Williams, for $78, and Val Peers prosecutes an appeal.

The trial was before the court without a jury. The record contains a statement of facts duly made up, agreed to by the parties, and approved by the court, but contains no conclusions of fact and law, as appellant Val Peers in writing seasonably requested, and the first assignment presented is to the action of the court in having failed to file such conclusions. As exhibited by the statement of facts, the evidence shows that some time during the fall of 1910, Williams sold to Val Peers 300 bales of cotton at from 12 to 15 cents per pound. It was agreed that Williams should have the cotton loaded upon the cars at Myra, Tex., billed to the cotton compress at Gainesville, and that Williams would forward the bills of lading with draft attached according to the gin weights of the cotton when shipped, that Peers would pay the draft on receipt of the bills of lading, and that when the cotton was reweighed at the compress, Peers would pay for any excess as shown by the compress weights, or that in event the cotton at Gainesville when weighed at the compress showed a less number of pounds than shown by the gin weights at Myra, then Williams was to refund the overpayment. In other words, if the cotton should gain in weight at the compress, Peers was to pay Williams for the gain over the gin or yard weights at Myra; if the cotton should lessen in weight at the compress over the gin or yard weights at Myra, Williams was to refund that amount to Peers. Under this agreement Williams first shipped 180 bales which was duly received by Peers at Gainesville, and which, upon its being weighed, was found to gain some 4 or 5 pounds of cotton to the bale. For all this cotton Peers duly paid. Some time later the last shipment of 120 bales— the shipment involved in this controversy— was also loaded by Williams on the cars at Myra. To the bill of lading Williams attached his draft, which on presentation to Peers at Gainesville was duly paid. While this shipment was in the yards at Myra, however, and in the possession of the railway company, it was burned, the evidence not showing the cause or causes of the fire. Thus far there is but little, if any, dispute in the testimony. At this point, however, the evidence diverges. Appellee testifies that after the

cotton was burned, he claimed that he owned of the burned cotton $108 worth, and this the claim agent of the railway company named agreed to pay, but that it was arranged that the amount should be paid to Val Peers for the use of Williams. Appellee testified that Peers consented and agreed to this arrangement. Peers denies any such consent or agreement on his part, and denies that the railway company paid him any money for Williams. Peers also denies that there would have been any excess in weight had the cotton been weighed at the compress, giving as a reason that the last shipment consisted of an earlier picking, which contained more oil, and which consequently would depreciate rather than increase in weight. The only evidence, if any, contained in the statement of facts tending to show that there would .have been increase is that which shows that in the first shipment of 180 bales there was an increase of 4 or 5 pounds per bale.

We feel at a loss to determine the theory upon which the court rendered its judgment, or to account for the trial judge's failure to file his conclusions as requested. The request was made by appellant in due form and in seasonable time, and the record presents no explanation of the court's failure. The statute (Rev. St. 1911, art. 1989) in terms plainly imposes the duty. It reads:

"Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusions of fact found by him, separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record."

Possibly the able judge who tried the case deemed it immaterial to so file his conclusions, in view of a line of decision of our courts holding that a failure to comply with the statute by filing conclusions when seasonably requested is not a sufficient ground to cause a reversal of a judgment on appeal where, as in this case, there is a statement of facts. See Jacobs v. Nussbaum, 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 851. But these cases proceed upon the assumption that the facts were substantially undisputed, and that therefrom it affirmatively appeared that the failure was without probable harm, the court in each instance practically applying the principle now embodied in rule 62a (149 S. W. x) which provides that:

"No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court."

None of these cases go so far as to hold that it is not error to fail to file conclusions

when properly requested, and it will be found, we think, to be substantially the uniform rule to reverse the judgment in case of such failure where there is no statement of facts or where the evidence exhibited in the statement is conflicting. See Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Wood v. Smith, 141 S. W. 795; Shepherd & Davenport v. McEvoy, 144 S. W. 285; Kyle v. Blanchette, 158 S. W. 796.

In the case now before us the evidence indicates several possible theories for appellee's recovery, none of which is free from difficulty. For instance, it may possibly be contended that the 120 bales of cotton burned in fact weighed more than is shown by the gin weights at Myra, for which excess appellant should account. under the terms of the original agreement between the parties, or it may be contended that regardless of the issue of an excess appellant should account to appellee for money had and received under the terms of the agreement, if any, with the railway company's claim agent. But these are mere conjectures. It cannot be said to be clear that appellee was entitled to recover upon either theory suggested, and the very least that may be said of the testimony is that it is conflicting, and appellant under the law has a clear right to have the conflict determined in a court having original jurisdiction for the determination of conflicting evidence; this court having no such power.

In accordance with the authorities cited, it is ordered that the judgment be reversed and the cause be remanded.