THOMAS v. KEAN. (No. 7632.)

(Court of Civil Appeals of Texas. Dallas. Nov. 18, 1916. Rehearing Denied Jan. 6, 1917.)

1. APPEAL AND ERROR ⬥1071(1)—HARMLESS ERROR — FINDINGS OF FACT AND CONCLUSIONS OF LAW.

The failure of the trial court to file conclusions of fact and law does not require reversal of the judgment, where the action was on a note, the answer alleging failure of consideration was not properly verified, and defendant did not appear at the trial, so that the note set out in the transcript furnished all the material that could be furnished by the conclusions of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4234; Dec. Dig. ⬥1071(1); Trial, Cent. Dig. § 940.]

2. PLEADING ⬥302 — VERIFICATION — INFORMATION.

Under the verification of Pleading Act 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829, 1829a, 1829b, 1902), requiring the affiant to state that the pleadings were true or that he believed them to be true, an affidavit by an attorney that the allegations are true and correct to the best of his knowledge formed on information from his client is insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 898–903; Dec. Dig. ⬥302.]

Appeal from Dallas County Court; T. A. Works, Judge.

Action by George Kean against J. L. Thomas on a note. Judgment for the plaintiff, and defendant appeals. Affirmed.

Lewis & Roark, of Dallas, for appellant. Lovejoy & Youngblood, of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellant on a note for $800, with interest and attorney's fees of 10 per cent., alleging $399.58, with interest and attorney's fees, for bringing suit, was due and unpaid. Appellant was cited, and he filed an answer, but did not otherwise appear and present his defense. On July 8, 1915, the case was heard by the court without a jury, and judgment rendered for appellee for $493.81, with 8 per cent. interest

thereon. On July 28, 1915, appellant filed a motion for new trial, which was heard on same day and overruled, but judgment thereon was not entered until August 3, 1915. Notice of appeal was given and 30 days after adjournment given to file statement of facts and bills of exceptions. No statement of facts was filed, and bills of exceptions were not filed until December 15, 1915. A motion was made for the court to file his conclusions of fact and law, which he sustained, but failed to comply therewith.

### Conclusions of Law.

[1] 1. It is complained that the court failed to file his conclusions of fact and law, and reversal of the judgment is asked for that reason. The statute requires when a cause is tried by the court without a jury, when requested to do so, it is his duty to file his conclusions of fact and law, and ordinarily his failure to do so will cause a reversal of the judgment. In this case no injury resulted to appellant from the failure to do so, and it is not reversible error. The petition stated a cause of action upon a note which, being set out in the transcript, furnishes all the matter that would have been furnished in the court's conclusions of fact and law. Implement Co. v. Templeton, 14 S. W. 1015; Bank v. Stout, 61 Tex. 567.

[2] 2. Error is assigned to the court's action in that it did not consider appellant's answer denying innocent purchaser of the auto by appellee, for which the note was given, and setting up the plea of failure of consideration, for that the cause was brought and tried under the verification of Pleading Act 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829, 1829a, 1829b, 1902), and appellant's answer was verified and was not denied by verified pleas of appellee. We see no error in this action as the affidavit to appellant's answer was not in conformity to said act, which requires that the affiant must state the pleadings are true or "believes" them true. The affidavit to the answer is:

"Before me, the undersigned authority, on this day personally appeared S. C. Lewis, one of the attorneys for defendant herein, who deposes and says that the things set forth in the foregoing answer are true and correct to the best of his knowledge, formed upon information furnished by his client."

The attorney, it will be noted, swears that the foregoing answer is "true and correct to the best of his knowledge formed upon information furnished by his client." The affidavit should be positive as to the truth of the statements made in the answer or it must show that affiant believes them to be true. It is not enough to state it is true from information, but affiant must go further and state from his knowledge he believes them to be true. This appellant did not do; consequently the affidavit was defective, which rendered the answer defective and inoperative. The judgment shows that neither the appellant nor his attorney appeared at the trial, but does not show the defenses set up were called to the court's attention and presented to it on the trial. The plaintiff's cause of action being a promissory note, there was nothing requiring the court to take notice of the defenses pleaded in the answer.

3. The motion for new trial was not filed for more than two days after the trial. It contained no legal or equitable excuse for its not being filed sooner.

The judgment is affirmed.