HARLAN et al. v. FALFURRIAS MERCAN-
TILE CO. (No. 6220.)

(Court of Civil Appeals of Texas. San An-
tonio. May 7, 1919. On Rehearing, June
14, 1919. Further Rehearing Denied July 5,
1919.)

1. PLEADING ⚙═236(3)—TRIAL—AMENDMENT
—REFUSAL OF LEAVE—DISCRETION.

In action to recover on contract for boring
wells, the court did not abuse its discretion in
refusing to allow defendant to file amended an-
swers alleging that defendants were agents of
a third party, who alone was liable to plaintiff,
where amendment was not offered until case
was called for trial.

2. APPEAL AND ERROR ⚙═1058(2)—EVIDENCE
—HARMLESS ERROR.

In action on contract for boring wells, ex-
cluding testimony that one defendant was em-
ployed by a third party for purpose of drilling
wells, and plaintiff knew such to be case, etc.,
held not reversible error, where defendant was
permitted to testify to substantially same facts.

3. APPEAL AND ERROR ⚙═1071(6)—REVERSI-
BLE ERROR—FINDINGS.

While findings of fact and conclusions of
law should be filed upon timely request, the re-
fusal to do so is not reversible error where a
statement of facts is filed.

On Rehearing.

4. CONTRACTS ⚙═350(1) — EVIDENCE — SUFFI-
CIENCY.

In action to recover for cost of boring wells
under a contract with two landowners who
agreed to pay plaintiff through a third party,
evidence held not to sustain a verdict that de-
fendants were jointly liable.

Error from Nueces County Court; H. M.
Holden, Special Judge.

Action by Falfurrias Mercantile Company
against A. S. Harlan and another. Judgment
for plaintiff, and defendants bring error.
Reversed, and remanded on rehearing.

G. R. Scott, Boone & Pope, R. B. Russell,
and E. A. McCampbell, all of Corpus Christi,
for plaintiffs in error.

Kleberg, Stayton & North, of Corpus
Christi, for defendant in error.

COBBS, J. This suit was originally insti-
tuted in Brooks county. The defendants hav-
ing interposed their plea of privilege to be
sued in the county of their residence, it was
transferred to the county court of Nueces
county.

Defendants in error as plaintiffs in the
trial court sought to recover the alleged con-
tract price on a joint express contract de-
fendant in error Downs was alleged to have
had with plaintiffs in error as defendants,
and in the original petition alleged that on
or about the 3d day of September, 1914, Perry

Downs entered into an agreement with de-
fendants jointly, whereby he agreed to bore
for them four certain wells on land owned
by them at and for the agreed price of 60
cents per foot; that two wells were to be
drilled on two certain tracts of land owned
by the defendant Harlan, and two wells on
two certain tracts of land owned by the de-
fendant Hutchins, and "the said defendants
and each and both of them then and there
agreed to pay said plaintiff the sum of 60
cents per foot"; that the plaintiff Downs com-
pleted the drilling of all four wells in Jan-
uary, 1915, and that the two wells drilled on
the land of the defendant Harlan aggregated
a depth of 1,130 feet, making a total of 2,260
feet, at and for the price of 60 cents per
foot, and making the total due plaintiff
Downs by the defendants Harlan and Hut-
chins of $1,356; that the defendants had paid
the plaintiff Downs the sum of $678, leaving
a balance due the plaintiff Downs by defend-
ants of $678, payment of which had been de-
manded, but refused by the defendants; that
on the 23d day of January, 1915, the plain-
tiff Perry Downs, for a good and valuable
consideration to him paid by the Falfurrias
Mercantile Company, transferred and as-
signed his said claim for $678 against the
defendants and each of them to the said
Falfurrias Mercantile Company, "the pay-
ment of which the said plaintiff Downs has
guaranteed to * * * Falfurrias Mercan-
tile Company." There was a prayer for judg-
ment for $678, with interest at the rate of
6 per cent. from February 1, 1915.

Defendants (plaintiffs in error) answered
by an original answer containing general
demurrer and general denial. On the day
the cause was called for trial defendants filed
their first amended original answer, which
contained the general demurrer, certain spe-
cial exceptions, general denial, and special
answers.

The cause was tried by the court without
a jury, and after plaintiffs' petition was read
the defendants read their amended answer,
and after the reading plaintiffs objected to
the filing thereof, and asked that same be
struck from the file, and the court refused
to consider same filed in so far as any part
thereof was concerned except the demurrers
and exceptions, and declined to regard any
other part, which action was excepted to by
defendants. Thereupon the court heard, con-
sidered, and overruled defendants' general
and special exceptions, except the fourth,
directed to plaintiffs' failure to state wheth-
er the agreement alleged was written or
oral, which was sustained, and plaintiffs
granted leave to file a trial amendment, and
defendants again asked leave to file an
amended answer, which was again denied by
the court. To this action of the court de-
fendants excepted.

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The cause being submitted to the court without a jury, judgment was rendered in favor of Falfurrias Mercantile Company for the full amount sued for, principal and interest, and costs against defendants jointly and severally, and that plaintiff Perry Downs take nothing. Defendants excepted to the judgment against them, gave notice of appeal, and were granted 60 days after adjournment in which to prepare, have approved and file bills of exception and statement of facts. They also filed and presented written request to the court to prepare and file conclusions of fact and law which was granted, but no conclusions filed. Exception was duly taken.

The first error complains that the court refused to let defendants file and have considered their first amended original answer, prepared and tendered to be filed before announcing ready for trial. Leaving out the exception, the answer tendered is as follows:

"And for answer herein said defendants deny each and every allegation contained in plaintiffs' said petition, and of this they put themselves upon the country.

"And by way of special answer herein, without in any manner waiving their exceptions, but still insisting upon the same, these defendants, and each of them, deny that they ever entered into any contract as pleaded by the plaintiff wherein they or either of them promised to pay the said plaintiff for said wells, but say that the contract entered into was made on behalf of F. Z. Bishop, then a resident of Nueces county, and plaintiff was informed the work was to be done for F. Z. Bishop, who was to pay for the same, and that plaintiff prosecuted said work under the express understanding that the said work was to be paid for by F. Z. Bishop, and in no manner held these defendants, or either of them, for the same.

"And defendants say further that they did not enter into any manner of joint contract with the plaintiff herein, but that the said work was done for them separately and to be paid for by F. Z. Bishop, as aforesaid, and that these defendants had no authority one from the other to bind each other, and neither became liable for any portion of the contract of the other, or assumed the payment of any sums wherein F. Z. Bishop defaulted in the payment thereof.

"And the defendant B. A. Hutchins says that, in so far as the wells drilled upon his land are concerned, the said plaintiff Perry Downs has been paid in full for all of said work by the said F. Z. Bishop in the amount of $678, and that, therefore, there is no sum or sums owing the said plaintiffs by reason of the wells drilled upon the land of the defendant B. A. Hutchins.

"Defendants say that no demand was made upon them, or either of them, for the sum in his petition alleged until some time after the assignment of bankruptcy of F. Z. Bishop, and that theretofore the plaintiff had asserted no demand against the defendants or either of them, or claimed any demand against them, or held any demand against them, or had them charged therewith, but, on the contrary, looked entirely to the said F. Z. Bishop for his compensation, and received heretofore from the said F. Z. Bishop full and complete payment for the work done and performed upon the land and premises of the said B. A. Hutchins.

"Wherefore, these defendants, having fully answered, pray that plaintiffs take nothing by their suit against them, or either of them, and that they go hence without day and recover their costs, and as in duty bound they will ever pray."

The grounds of objection and reasons of court for sustaining same are as follows:

"And whereupon the plaintiffs' pleadings were read to the court, and the foregoing first amended original answer was read to the court by counsel for defendants, and thereupon the counsel for plaintiff, after the same was read, objected to the filing thereof for the reason that the statement had been made to him by Mr. E. A. McCampbell, of counsel for defendants, that no special answer would be filed, and that he relied upon said statement and anticipated no special answer, and for the further reason that the cause was set for trial at 9 a. m. of this day, and it was 9:30 a. m. before defendants appeared and filed the said first amended original answer, and asked that the same be struck from the file in said cause; and thereupon Mr. R. B. Russell, of counsel for defendants, announced to the court that he had only been employed in said cause at 8:30 a. m., and by virtue of his employment deemed it necessary for the defendants' interests that the said special answer be filed; that he was employed by Messrs. G. R. Scott, Boone & Pope, of counsel for defendants, and by them authorized to conduct said cause in all things as he saw fit; and thereupon the court announced that his docket did not show that any leave to file the said first amended original answer had been granted the defendants, and that he would refuse to permit the same to be considered as filed in so far as any part thereof was concerned except the demurrers and exceptions, and that the court would not regard any other portion of said first amended original answer except said demurrers and exceptions; whereupon the defendants excepted to said ruling of the court, and herewith tender their bill of exceptions, and ask the same be signed and made a part of the record in said cause, which is accordingly done."

[1] We do not think the court committed any reversible error in refusing to allow the answer to be filed, or that it was arbitrarily done, to the extent of abusing its discretion. And especially do we not think so as the amendment came too late.

[2] The second assignment is:

"The court erred in sustaining plaintiffs' objection to the question propounded by defendants to defendant B. A. Hutchins in testifying as a witness for defendants, wherein he was asked: 'State whether or not at the time the contract was entered into with the plaintiffs

you were in the employ of F. Z. Bishop, and whether or not that fact was known to the plaintiff Perry Downs, all of which was material, and would have elicited an answer material to the defense of said cause by defendants, as more fully appears from defendants' bill of exceptions No. 3 with reference thereto filed in this cause.' "

The proposition thereunder is as follows:

"Under the pleading it was a defense to plaintiffs' cause of action if the alleged contract was, in fact, the contract of a third party knowingly made by plaintiff with one of the defendants as agent of such third party, and evidence tending to establish such defense was material and relevant."

The appellant Hutchins testified on direct examination:

"I made a contract with Mr. Downs to drill two wells on my place. * * * I told Mr. Downs that F. Z. Bishop was to pay for the work, and he understood that, and agreed to do the work, and that Mr. Bishop was to pay for it. * * * I was not in business with Mr. Harlan, and he did not authorize me to contract for him, and I did not authorize him to contract for me. I was employed by Mr. F. Z. Bishop to superintend certain work for him. * * * Mr. Downs was paid in full for the wells he drilled on my place. * * * He was paid by Mr. McManus, who worked for Mr. Bishop, and by Mr. Bert Kinder, at the First State Bank at Bishop. * * * I did not know that Mr. Downs was claiming that I owed him anything until I was served with citation in this suit."

F. Z. Bishop was not a party to this contract, and no witness testified as to his presence at the time of making the contract, or that he was in the least interested in it, other than he was to pay for the work—whether out of his own funds or that of defendants, there is nothing in this record to show Bishop's liability. It does not show that Bishop was a disclosed principal, but does show that Hutchins was the owner of the land upon which two of the wells were to be bored, and Harlan the owner of the land on which the other two wells were to be drilled. It was shown that the answer expected to be given by Hutchins in reply to the question was—

"That he desired to prove by said witness that he was in the employment of F. Z. Bishop for the purpose of superintending the work of drilling wells and building houses and fences for the defendants and other persons as the said Bishop had agreed to do, and that the plaintiff, Perry Downs, knew such to be the case."

The two objections being made and sustained by the court, it was "immaterial to any issue in the case, and called for a conclusion of the witness."

It was shown the land belonged to Hutchins, but that was no reason why the parties might not contract so that they were obligated jointly to Downs, but were to pay through Bishop, a stakeholder for them. It was in evidence he was in the employ of Bishop and superintending work. It would not have added any to the defense that that work was "superintending drilling wells and building houses and fences for the defendants and other persons." It would not have affected the issue that the wells in question were agreed to be bored upon the defendants' separate lands, and not the lands of Bishop, for which Bishop would impliedly be liable, since the undisputed evidence showed the contract with Downs was to improve defendants' lands and not Bishop's. The testimony was not material; it did not go far enough. Anyway, Hutchins was permitted to testify he made a contract with Mr. Downs to drill two wells on his place at 60 cents per foot. He told Mr. Downs that Bishop was to pay for it. "And he understood that and agreed to do the work, and that Mr. Bishop was to pay for it." Further stated: "I was employed by Mr. F. Z. Bishop to superintend certain work for him." Further stated Downs "was paid by Mr. McManus, who worked for Bishop."

We overrule this assignment.

The third assignment is to the effect that the defendants were joined in this suit on several, not joint, contract.

All the facts on this issue were before the court, and there is some evidence to show the joint liability of defendants, and this assignment is overruled. We have read the authorities cited, and the case appellants specially call to our attention, of Haskins v. Lombard, 16 Me. 140, 33 Am. Dec. 645, holding:

"Where the interest of the covenantors is separate, and performance cannot be made jointly, the covenant must be regarded as several, unless the intention of the parties appears to have been that each should be bound for the performance of the other."

Downs agreed with Harlan and Hutchins, at a cut rate, to drill four wells for them at 60 cents per foot, two on Harlan's place and two on Hutchins' place, and he performed his contract and bored the wells for them at the contract price. When agreement was made they stated they were going home to North Texas, where they lived, and F. Z. Bishop was to be the paymaster. Harlan and Hutchins together approached Downs to have him drill the four wells and contracted with him. Nothing further was said as to who would pay, only they said that Bishop was to be their paymaster. Bishop himself was not present at any of the interviews, and said nothing to Downs. As the work was to be done for both parties with a joint paymaster, it was for the trial court to say whether it was the intention of the parties

to be bound, and to draw the proper deductions based on the evidence. That court heard all the testimony, and it was within his power and his duty to act and find a judgment. It is the duty of this court to affirm the judgment if that can be supported by the law and the evidence. The trial court had the right to determine whether the parties, not having stipulated that each party was to pay for the work done on their land, or by joining together they could get the work cheaper, thereby bound themselves to pay for the work jointly. The defendants could have plainly stipulated for their several liability, but that was not done. The contractor might not have been willing to have looked to each one separately for his separate work. Was it not an inducement to make the low price, to get four wells instead of two, and have them jointly bound rather than separately, and have same party as paymaster with whom no doubt defendants had made joint arrangements for payments.

This assignment is overruled, and for the same reasons we overrule assignments 3, 4, 5, and 6.

[3] In passing we cannot but say the testimony as to the joint liability of appellees is not as cogent and satisfactory as it should be, but we do not feel justified, under the circumstances, to disturb the judgment of the court who tried the case. It is claimed the court erred in not preparing and filing findings of facts and conclusions of law upon request of defendants. While this should always be done on timely request of either party to the suit, still it is not reversible error not to comply with the request when a statement of facts is filed. There is a full and complete statement of facts agreed to by the parties and approved by the court filed in this case.

The evidence in the statement of facts seems clear, though brief, and, as far as it goes, is unambiguous. We apprehend the findings would not have been different. The certificate thereto of attorneys, approved by the court, is: "Are a full and correct statement of all the facts given in evidence on the trial of such cause." In the case of I. & G. N. Ry. Co. v. Diaz, 156 S. W. 907, this court said: "There is a statement of facts, and a refusal to find any facts whatever is not a cause for reversal where there is a full statement of facts." This assignment is overruled.

We do not find any reversible error assigned, and we affirm the judgment of the court.

### On Rehearing.

[4] Upon re-examining the record in this case, and again considering the testimony offered on the question of joint liability, we have reached the conclusion that it is too unsatisfactory to let the judgment stand. We therefore grant the motion for a rehearing, and reverse and remand the case to be tried on that issue.