**W. T. RAWLEIGH CO. v. SAYRE. (No. 16.)**

(Court of Civil Appeals of Texas. . Eastland. July 3, 1925. . On Motion for Rehearing Oct. 23, 1925.)

1. **Appeal and error ⬉⇒1071(1)—Case reversed for failure or refusal to file findings of fact and conclusions of law only when appellant is prejudiced thereby.**

Failure or refusal, when requested, to file findings of fact and conclusions of law is ground for reversal only where it is shown that it could have operated to prejudice of appellant.

On Motion for Rehearing.

2. **Appeal and error ⬉⇒1071(1)—Failure to file findings of fact and conclusions of law within prescribed time is reversible error.**

Failure of court to file findings of fact and conclusions of law within time prescribed by law *held* reversible error, notwithstanding that qualification shows delay was occasioned by reason of failure of appellant's attorney to furnish findings of fact in time after agreeing to furnish same, since it is not shown that court relied on his promise to do so.

Error from District Court, Comanche County; J. R. McClellan, Judge.

Suit by the W. T. Rawleigh Company against E. A. Sayre. From a judgment for defendant, plaintiff brings error. Reversed and remanded.

Jerome P. Kearby, of Comanche, for plaintiff in error.

G. E. Smith, of Comanche, for defendant in error.

LITTLER, J. This suit is brought by plaintiff in error against the defendant in error upon a stated account in the sum of $1,707.05, with an additional sum thereafter incurred of $380.74, with a credit of $1,006.51, leaving a balance due of $625.77, for which judgment is prayed.

It is further alleged that the goods were sold under a written contract which provided that it was the sole and only contract between the parties; the account being duly verified and itemized.

Defendant in error answered by general demurrer, and specially pleaded that plaintiff in error required the defendant to make selection of territory in which he would confine his sale of goods and products sold by plaintiff in error. to him for resale, and at the price fixed by plaintiff, and that the entire time of defendant would be given to such business; that such limitations and requirements rendered the contract void under the anti-trust statutes of Texas, and therefore unenforceable.

The case was tried before the court without a jury on March 4, 1924, and judgment rendered for defendant, to which appellant excepted and gave notice of appeal and prosecutes this writ of error. The appeal is based entirely upon one bill of exception, wherein appellant alleged the court erred in not filing his findings of fact and conclusions of law within 10 days after the adjournment of court.

The term of the court terminated by operation of law on May 3, 1924, and the request for findings of act and conclusions of law was not made until May 3, 1924, although the case had been tried on March 4, 1924.

Under date of May 3, 1924, plaintiff's attorney wrote the presiding judge of said court, who was then at Gatesville, Tex., advising him that he had filed a motion on the 1st day of May, 1924, requesting him to file findings of fact and conclusions of law, and such letter was received by the judge May 2, 1924, at Gatesville, Tex.

The letter informing the court of such motion made the following statement:

"I will prepare the findings of fact if you want me to, and send to you for your conclusions of law. Will try to get this out to you this week."

Said letter was written May 3, 1924. However, the attorney for appellant did not prepare the findings of fact and forward same to the court until May 10, 1924, and the records show that they were received by. the court at Gatesville, Tex., on May 12, 1924; that said court prepared his conclusions of law, and attached same to his findings of fact, as prepared by counsel, and under date of May 27, 1924, mailed the same to counsel for appellant, who received same on May 28th; all the above being shown and fully set out in plaintiff's bill of exception No. 1, the same being allowed by the court with the following qualifications:

"Examined and allowed and approved, and ordered filed as a part of the record herein this June 13, 1924, with the following statement and explanation:

"As stated in said bill, the findings of fact as prepared by counsel reached me on Monday, May 12th, and at the time it reached me I was engaged in the trial of a jury civil case, and was so continuously engaged throughout the week, and could not possibly have prepared my conclusions of law without stopping the trial, or doing so at night, had I used the utmost diligence. The findings of fact and conclusions of law would have had to have been deposited in the post office at Gatesville on the 13th to have reached Comanche to have been filed within the time prescribed by law; and, as stated. I could not have prepared the conclusions of law without neglect of other duties. However, as soon as I completed the jury trials, I did prepare my conclusions of law, and attached same to the findings of fact, and mailed same under date of May 27, 1924, to counsel for plaintiff at Comanche, Tex., with a letter requesting and directing the clerk to file the same as within the time provided by law, and I have caused

the clerk to indorse such findings of fact and conclusions of law as filed May 13, 1924.

"I make this statement that the court may have before them the full facts relative to this matter, and with the hope that the court will consider the same as prepared and filed within the time required by law.

"This June 13, 1924.

"J. R. McClellan, Judge Presiding."

Article 2075, Revised Statutes, reads as follows:

"The judge of any district or county court shall have ten days after adjournment of the term at which a cause may be tried in such court in which to prepare his findings of fact and conclusions of law in cases tried before the court, when demand is made therefor."

It is contended by appellant that, on account of the court having failed to file his findings of act and conclusions of law within 10 days after adjournment of court, this case should be reversed and remanded.

The case having been tried on March 4th, and appellant never requesting of the court findings of fact and conclusions of law until the 3d day of May, being the same day court adjourned, does not show due diligence on his part, especially when considering the further fact that the court had gone to a distant county and was engaged in the trial of another case, and considering the further fact that, although attorney for plaintiff advised the court on May 3d that he would prepare the findings of fact for the court and forward same to him for his approval, yet the same was not received by the court until the 12th day of May, the same being within 1 day of the expiration of the 10 days 'after the adjournment of the court.

In the case of Barfield et al. v. Emery et al., 107 Tex. 306, 177 S. W. 952, the Supreme Court, in an opinion by Judge Phillips, says:

"We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions, prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court. We are of opinion therefore that it did not in itself warrant a reversal of the judgment."

[1] It seems to be well settled by our courts that, where a trial court fails and refuses, when requested, to file findings of fact and conclusions of law, the case, will only be reversed, where it is shown that it could have operated to the prejudice of the appellant; otherwise the case would be affirmed.

In the case at bar the findings of fact and conclusions of law, although being actually filed 14 days late, were by order of, the court, as shown by the qualification of the court to bill of exception No. 1, filed as of May 13, 1924, thereby giving appellant advantage of the findings of fact and conclusions of law, and the same could have been used by appellant in prosecuting his appeal; hence we conclude that this case comes under the rule laid down in the cases of Barfield et al. v. Emery et al., supra; Evans et al. v. Smoot et al. (Tex. Civ. App.) 248 S. W. 742; Thomas v. Kean (Tex. Civ. App.) 190 S. W. 847; Emery et al. v. Barfield et al. (Tex. Civ. App.) 156 S. W. 311; I. & G. N. R. Co. v. Diaz (Tex. Civ. App.) 156 S. W. 907; and Implement Co. v. Templeton (Tex. Sup.) 14 S. W. 1015.

We find no reversible error, and the judgment is affirmed.

### On Motion for Rehearing.

Appellant has filed a very able motion for rehearing, citing many cases not cited in his original brief, and strenuously insists that this court erred in its original opinion in holding that the findings of, fact, although filed in time for appellant to have full benefit of same, and the same could have been used by appellant was therefore not reversible error.

[2] After reading the motion for rehearing and examining the authorities therein cited, we have concluded that we were in error in so holding, and that the findings of fact and conclusions of law filed in the case after the expiration of ten days provided by statute were too late to be considered by this court, although, the file marks showing that they were filed in time, the clerk, acting under the instructions of the court, dated back said conclusions.

In our original opinion we were under the impression that the error was invited by appellant in his writing to the court to the effect that he (appellant) would prepare the findings of fact and conclusions of law for the court and forward same to him. However, we have again read the record, and, although the court qualified the bill of exceptions, he nowhere indicated that he relied upon the statement made by the attorney for appellant that he would prepare the findings of fact and forward same to the court. We therefore conclude that under the following authorities: Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Peers v. Williams (Tex. Civ. App.) 174 S. W. 864; Wood et ux. v. Smith et al. (Tex. Civ. App.) 141 S. W. 795; Emery et al. v. Barfield et al. (Tex. Civ. App.) 156 S. W. 311, 312; Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526—the motion for rehearing should be granted, and the cause reversed and remanded.