## H. A. JACOBS v. NUSSBAUM & SCHARFF ET AL.

Decided January 7, 1911.

**1.—Sale of Cotton—Classification—Arbitration—Evidence.**

The issue being whether cotton delivered was of the grade and staple contracted for, evidence considered, and held sufficient to show that the usage and custom of the trade required the submission of the dispute to arbitration by a board composed of members of the Liverpool Cotton Association, the cotton having been bought and sold on the "basis of Liverpool classification," which custom was known to the sellers, and their contract was made with reference thereto. In such case a decision of a board of arbitrators, constituted and appointed in accordance with the usage and custom of the trade, would be binding upon the parties. But an instrument of writing purporting to be an award of such a board of arbitrators would not be admissible in evidence in the absence of evidence that the persons signing the award had been appointed or selected by the party against whom it was offered, or that they were appointed in accordance with said usage or custom.

**2.—Trial Without Jury—Failure to File Conclusions—Failure to Except.**

In the absence of a bill of exception to the failure of the trial judge to file his conclusions of fact and law in response to a formal and seasonable request therefor, an appellant can not complain of such failure, especially when an agreed statement of facts, approved by the trial judge, is in the record.

**3.—Practice—Bill of Exception After Adjournment—Statute.**

Under the provisions of article 1360, Rev. Stats., a bill of exception to the failure of the trial judge to file conclusions of fact and law, may be taken after the adjournment of the term, but within the time prescribed by the statute for filing said conclusions.

Appeal from the County Court of Grimes County. Tried below before Hon. Hood Boone.

*Boone & Foley*, for appellant.—The certificate offered in evidence was an award of arbitrators and is admissible as an original instrument without other proof than that of its identity. This identification can be made by circumstances, and where such certificate is sufficiently identified, it is admissible in evidence as proof of such award.

Where an award is in writing and expressed in unambiguous terms, and is not attacked on any of the grounds on which awards may be set aside, it is itself the best evidence of what the arbitrators intended and decided. Mulligan v. Perry, 64 Ga., 567; Schmidt v. Glade, 126 Ill., 485; id., 18 N. E., 762; Evans v. Clapp, 123 Mass., 165; id., 25 Am. Rep., 52; 3 Cyc., pp. 783, 804.

If an instrument on its face is free from suspicion of fraud, and a signature at the bottom thereof is admitted to be genuine, the presumption arises that the owner of the signature wrote it there to authenticate the instrument as his act. Howell v. Hanrich, 25 S. W., 41.

Any usage or custom by which an incident not expressly mentioned in any contract, or annexed to the contract, may be proved, unless the annexing of such incident to such contract would be repugnant to or inconsistent with the express terms of the contract. 27 Am. & Eng. Ency. of Law (1st ed.), p. 831, and authorities there cited.

Where, by proper motion, the court is requested to prepare and file conclusions of fact and of law, and neglected or failed to do so, such neglect or failure is reversible error, and it is not necessary to reserve a bill of exceptions to such neglect or failure of the court. Rev. Stats., art. 1382a; Act of 1903, p. 32; Acts of 1907, p. 446.

*Williams & Bradley,* for appellees.—Persons other than those agreed upon can not be substituted as arbitrators by one of the parties without the consent of the other party. 3 Cyc., 621; 2 Am. & Eng. Ency. of Law (2nd ed.), 589.

Where an award is sought to be used and introduced in evidence as the basis for recovery, the fact of submission must be proved. 1 Enc. Ev., 958, and note 37.

A certificate of a person that a controversy relative to a matter was submitted to him and that he decided it in favor of one of the parties, is not evidence of such submission. Howard v. Sherwood, 1 Col., 177; Poggenborg v. Conniff, 96 S. W., 547.

The failure of the trial court to file its conclusions of fact and law when requested to do so, will not be revised on appeal in the absence of a bill of exception bringing up the question; and because of his failure to reserve such bill of exception to the court's neglect in that respect, this court will presume that appellant waived compliance by the court with such request. Cotulla v. Goggan, 77 Texas, 35; Landa v. Heermann, 85 Texas, 4; Alamo F. Ins. Co. v. Shacklett, 26 S. W. 631; Texas & Pac. Ry. Co. v. Shawnee C. Oil Co., 118 S. W., 779.

PLEASANTS, CHIEF JUSTICE.—*On motion for rehearing.*—At a former day of this term we affirmed the judgment of the court below in this case, without written opinion. Appellant has filed motion for rehearing. After due reconsideration of the questions presented, we have decided to adhere to our former conclusion and affirm the judgment. Upon two of the questions presented we deem it best to state our conclusions in writing.

The suit was brought by appellant against appellees to recover for alleged breach of contract for the sale of cotton. On October 28, 1908, appellant, through his agent, L. Jacobs, purchased from appellees 200 bales of good middling cotton of a named staple on the "basis of Liverpool classification". to be delivered f. o. b. shipside, Galveston, at a price of 9 1/16 cents per pound. The purchase was made by correspondence and the cotton was paid for by appellant without it having been inspected and in reliance upon appellees' warranty as to grade and staple. When the cotton reached the foreign port it was rejected by parties to whom appellant had resold, on the ground that it was not of the grade and staple specified. Appellant claims that he thereupon, in accordance with the usage and custom of the trade, of which appellees were cognizant and which was in contemplation of the parties at the time the contract was made, as evidenced by the clause in said contract, "basis of Liverpool classification," had the question of whether the

cotton was of the grade and staple called for by the contract submitted to a board of arbitration composed of members of the Liverpool Cotton Association. The suit is to recover the difference between the value of the cotton of the grade and staple specified in the contract of sale and cotton of the grade and staple delivered appellant as shown by the report of said board of arbitration.

In support of his claim appellant offered in evidence the following instrument:

"Liverpool, 30th Decr., 1908.

"We, the undersigned Members of the Liverpool Cotton Association, Limd., hereby certify that we have carefully examined samples of 200 Bales Texas Cotton, shipped as Good Middling, good colour staple 28/9 m/m, and have awarded the following allowances:

| Mark | Bales | Description | Ship | Allowance. |
|---|---|---|---|---|
| Cool | 100 | Good Middling good colour 28/9 m/m | Albanian | 5/100 off 100 B/S. |
| Caas | 100 | Do | Do | 6/100 off 100 B/S. |

M. MacLeod ⎫
J. Taylor  ⎬ Arbitrators."

In connection with and as explanatory of said instrument appellant offered the following testimony of L. Jacobs:

"That the above certificate offered in evidence is on one of the regular printed forms usually and customarily used and followed by the Liverpool Cotton Exchange, and that he knew from his experience in the cotton business that it was the character of certificates usually and customarily made by members of the Liverpool Cotton Association when arbitrating differences in the classification of cotton. That he was informed by letter and by cablegram that this cotton was arbitrated by members of the Liverpool Cotton Association. That he is personally acquainted with M. MacLeod whose signature is attached to the certificate as one of the arbitrators, and knew of his own knowledge that said MacLeod was a member of the Liverpool Cotton Association at the time of the issuance of the certificate; that he did not personally know J. Taylor, the other person whose name is signed to the certificate, but that he knew by reputation that said Taylor was a member of the Liverpool Cotton Association. That the 200 bales of cotton marked 'Cool' and 'Caas,' respectively, was the only cotton of that description shipped by Jacobs. That the cotton purchased of Nussbaum & Scharff marked 'Cool' and 'Caas' was the only cotton of that description purchased and shipped by Jacobs. That the certificate offered in evidence was forwarded to H. A. Jacobs by his agent in Liverpool as is usually done in such cases, and is the identical certificate received by said Jacobs."

Appellees objected to this evidence on the grounds, among others, that there was no agreement shown on their part to submit the matter to arbitration by the persons who signed said instrument, and there is no evidence that the instrument is in fact a report of a board of arbi-

tration. The trial judge sustained these objections and refused to admit the evidence.

We think this ruling was correct. The evidence is sufficient to show that the usage and custom of the trade required the submission of the dispute between the parties as to the grade and staple of the cotton to arbitration by a board composed of members of the Liverpool Cotton Association, the cotton having been sold on the "basis of Liverpool classification," and this custom was known by the appellees and their contract was made with reference thereto. Under these circumstances a decision of a board of arbitration, constituted and appointed in accordance with the usage and custom of the trade which entered into and became a part of the contract of sale, would be binding upon appellees. But there is no evidence that MacLeod and Taylor were appointed or selected by the appellees to arbitrate this matter, or that they were appointed in accordance with said usage and custom. The certificate does not so recite, and, if it had, such recitation would not have been admissible as evidence of that fact over appellees' objection. If appellant had shown that these men had in fact been duly appointed or selected to arbitrate this matter and that this certificate was made by them, the certificate would be evidence of the facts found by them. In the absence of this showing it was not admissible in evidence.

The cause was tried by the court without a jury, and appellant requested the trial judge to file his conclusions of fact and law. The trial court entered an order granting this request, but no conclusions were filed. The parties agreed to a statement of facts and this statement, which is approved by the trial judge, accompanies the record. There is no conflict in the testimony, all of the evidence appearing in the statement of facts being undisputed. Appellant took no bill of exception to the failure of the trial judge to file his conclusions of fact and law. In this state of the record the failure of the judge to file his conclusions does not authorize a reversal of the judgment.

Prior to the enactment of the present statute, which gives the trial judge ten days after the adjournment of the term of court within which to file conclusions of fact and law, it was ruled by our Supreme Court that the failure to file such conclusions could only be attacked when the matter was brought up by bill of exceptions. This was the holding in Cotulla v. Goggan, 77 Texas, 35; Landa v. Herman, 85 Texas, 4. The rule announced in these cases was approved and followed in Alamo Fire Ins. Co. v. Shacklett, 26 S. W., 631; Texas & Pac. Ry. Co. v. Shawnee Cotton Oil Co., 55 Texas Civ. App., 183 (118 S. W., 779).

Under the present statute parties are allowed thirty days after the adjournment of the term of court in which to obtain and file bills of exception, and it is just as practicable under this statute to except and file a bill of exceptions to the failure of a trial judge to file conclusions of fact and law after the adjournment of the term as it was under the old statute which required such conclusions and all bills of exceptions to be filed before the adjournment of the term. A bill of exception to the failure of a trial judge to file conclusions of fact and law,

taken after the adjournment of the term but within the time prescribed by the statute, is as clearly authorized by article 1360 of the Revised Statutes, which provides that whenever in the "progress of a cause" either party is dissatisfied with any ruling, opinion or other action of the court, he may take a written bill of exception thereto, as a bill of exception taken before the adjournment of the term. The failure of the trial judge to file his conclusions of fact and law within the ten days allowed by the statute after the adjournment of the term, is as much a matter occurring in the "progress of the cause" as was the failure to file such statement before adjournment prior to the enactment of the present statute. In neither case was such failure a matter occurring during the trial of the cause, and there is no force in appellant's contention that, because under the present statute the trial judge was not required to file his conclusions until ten days after the adjournment of the term, the taking of a bill of exceptions to his failure to file same is not authorized by the statute. Our conclusion that the assignment complaining of the failure of the trial judge to file his conclusions of fact and law should be overruled, is fully sustained by the authorities before cited.

We think the assignment should be overruled for another and better reason. As before shown, there is an agreed statement of facts in the record, and the facts appearing in the statement are clear and undisputed. Such being the case, no possible harm has resulted to appellant from the failure of the trial judge to file his conclusions of fact and law. If conclusions of fact had been filed, no statement of facts might have been necessary, and appellant may have been inconvenienced and put to some additional expense in procuring the agreed statement of facts; but his right to have his appeal determined on its merits has not been in the least affected by the absence of the trial judge's conclusions. In our opinion no judgment of a trial court should be reversed for any error which the record conclusively shows could not possibly have affected the result of the trial in the lower court, and in no way hinders the appellate court in arriving at a conclusion on the questions presented by the appeal. City Bank of Ft. W. v. Stout, 61 Texas, 571; Georgia Home Ins. Co. v. O'Neal, 14 Texas Civ. App., 516 (38 S. W., 63).

As before stated, the motion for rehearing is overruled.

*Motion overruled and judgment affirmed.*