## WOOD et ux. v. SMITH et al.

(Court of Civil Appeals of Texas. El Paso. Nov. 29, 1911.)

1. TRIAL (§ 388*)—CONCLUSIONS OF LAW AND FACTS—EFFECT OF FAILURE TO FILE.

The failure to file conclusions of law and facts ordinarily presents grounds for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 908; Dec. Dig. § 388.*]

2. TRIAL (§ 388*)—CONCLUSIONS OF LAW AND FACTS—EFFECT OF FAILURE TO FILE.

The refusal to file, pursuant to a request in writing, conclusions of law and facts, as provided by Rev. St. 1895, art. 1333, providing for the filing of conclusions of law and fact, and for appeals without a statement of facts, is ground for reversal, where the statement of facts prepared by the court omits matters supporting the claim of the defeated party, which, if proved, justified a judgment for him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 908; Dec. Dig. § 388.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by Brooke Smith and others against G. L. Wood and wife. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

W. M. Holland, for appellants. R. L. Whitehead and J. E. Walton, for appellees.

PETICOLAS, C. J. This was a suit by Brooke Smith against Wood and wife in the form of trespass to try title, setting out with particularity his chain of title, and praying to recover the south ½ of lot 3 and all of lot 4, in block 29 of the Brooke Smith addition to the city of Houston. It was alleged that on the 8th day of April, 1907, the plaintiff sold to the defendants the above-described property; that on the 11th day of May the defendants executed a deed of trust on said property; that they failed to pay under the deed of trust, and after due notice the trustee sold the property; that it was purchased by Brooke Smith, and the trustee executed a deed to the plaintiff therefor. The defendants pleaded that the property was their homestead, and other pleas which do not become material to the decision.

[1] Appellant's first assignment of error is that the trial court erred in failing to file in said cause any findings of fact or conclusions of law. The bill of exception shows that the appellant's motion for conclusions of law and fact was in writing, and that no such conclusions were filed. His assignment on this point and proposition thereunder is properly briefed and presented. The statement of facts on file in the case is exceed-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ingly brief and meager, and was prepared by the court; the attorneys having been unable to agree upon a statement. The failure to file conclusions of law and facts ordinarily presents grounds for reversal, and the only difficulty which we have in determining whether or not we should reverse the case in this instance arises from the other assignments of error presented by the appellant in his brief. His first assignment is that the court erred in allowing plaintiff to introduce in evidence a note for $1,450 signed by Wood, as fully appears by bill of exceptions No. 2. By reference to the bill of exceptions we find that the objections were because the note recites that it was given for purchase money of the property, and that there is a variance between that note and the note as described in the deed of trust, which, the bill of exceptions recites, states on its face to have been given not only for purchase money, but for money to pay for improvements. The further objection is made that the note offered is not admissible because not founded on a contract in writing made by the husband and wife before the labor and material were furnished.

The third assignment of error is that the court erred in allowing plaintiff to introduce the deed of trust from Wood and wife to Archer, as fully appears by bill of exceptions No. 3. By reference to that bill we find that the objection was that the deed of trust recited that it was given to secure a note for purchase price and also for money borrowed to build improvements. The further objection is made that the deed of trust appears to have been made after the improvements were built, and that no contract in writing signed by the wife appears to have been executed before the improvements were built.

The fourth assignment of error is that the court erred in allowing plaintiff to introduce a deed from Archer, trustee, to Brooke Smith, as fully appears by bill of exceptions No. 4. The objections stated in the bill are that it appears on the face of said deed that the deed of trust was given to secure money to be used for improvements as well as purchase money of the lot.

These assignments are grouped, the first proposition being that a valid lien cannot be created upon a homestead to secure money borrowed for the purpose of paying for improvements on the property, even when it is made to appear that it was actually used for that purpose, if there be no contract for furnishing the material or doing the work. The second proposition is that the sale of a homestead for the entire debt, a considerable part of which was not a valid lien, conferred no title on the purchaser.

The statement of facts merely states that the plaintiff introduced the deed from Brooke Smith to Wood, a note from Wood to Brooke Smith, a deed of trust from Wood and wife to Archer, trustee, and deed from Archer,

trustee, to Brooke Smith; that the defendant testified that he borrowed some money from Brooke Smith for the purpose of building a house and some on the property; that he and his wife made a contract with one Bronson to build a house, and the house was completed; that the improvements were placed on the lot of land in controversy before the deed of trust was executed, and he was living in the house at the time; that he paid $375 for the lots. The recitals of the deed of trust are not stated in the statement of facts.

It is apparent from what we have of the record that the defendant's contention in the court below was that to the extent of $375 the note was given for the purchase price of the lots; that to the extent of the balance of the note the money was a loan to put improvements on the property; that the improvements were placed on the property; that there was no contract in writing between the owners and the contractor which passed to Brooke Smith; and that the deed of trust given Brooke Smith was made after the improvements had been completed on the property. His contention, under the case of Girardeau v. Perkins, 126 S. W. 633, evidently is that where a deed of trust is given on the homestead to secure money borrowed to improve it, in the absence of a contract in writing with the contractor signed and acknowledged by husband and wife, the deed of trust is void.

The difficulty in the case arises, not on the assignment that the court failed to file conclusions of law and fact, but on the other assignments; the question being: Even if the court had filed conclusions of law and fact, would the particular assignments and propositions presented have been sufficient to raise the question which appellant seeks to have decided?

[2] Before determining this question, it seems advisable to get the exact status of the decisions in this state with reference to the effect of failure to file conclusions of law and fact. Article 1333 of the Revised Statutes provides for the filing of conclusions of law and fact, and further provides that when they are filed the party may take his appeal without a statement of facts. In Deposit Co. v. Bank, 48 Tex. Civ. App. 301, 106 S. W. 782, the facts were agreed to by the attorneys and adopted by the court as his conclusions of fact; it was held not reversible error. In Umscheid v. Scholz, 84 Tex. 269, 16 S. W. 1065, it was held that the failure of the district judge to file conclusions of law and fact, where there is no conflict in the evidence on vital points, is not reversible error. This decision was rendered in 1891. In Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870, it was held that where there was a full statement of facts in the record, and it does not appear that the appellant is injured, it is not reversible error to fail to file conclusions of

law and fact. In Parker v. Stephens, 39 S. W. 164, it was held that, although there was a statement of facts in that case, it was reversible error to refuse conclusions of law and fact when they were necessary for proper consideration of the case. In Osborne v. Ayers, 32 S. W. 73, there was a statement of facts; but it was held that the refusal to file conclusions of fact was a reversible error. In Cason v. Conner, 83 Tex. 30, 18 S. W. 668, there was a statement of facts and also conclusions of facts. It was there held that the refusal to amplify the finding on request was error. In Wandry v. Williams, 124 S. W. 86, which is, perhaps, the latest decision on this subject, the Supreme Court held, speaking through Judge Gaines in answer to a certified question, that the failure of the trial judge to file his conclusions of fact and law is reversible error. This finding he bases on the statute of 1907, to the effect that parties may be granted 20 days after the adjournment of the term to file a statement of facts, and that the judges of such courts shall also have 10 days after the adjournment of the term in which to prepare their findings of fact and conclusions of law in cases tried before the court, when demand is made therefor. In that particular instance there was no statement of facts, and yet the decision is not placed upon that ground, but purely upon the ground that the statute requires conclusions of law and fact when demanded, and that it is reversible error to refuse them. We incline, therefore, to the opinion that appellant's first assignment is well taken, and that it was reversible error to fail to file conclusions of law and fact in this case, independent of whether there is a statement of facts in the record or not. But if we were to consider as affecting this question the other conditions present in this record, we should still make the same holding. It appears that the trial court refused to file conclusions of fact and law, although a written request was made therefor. It appears that the statement of facts, which ·was prepared by the court, is exceedingly terse and meager, omitting many matters which would be of great assistance to us in deciding the case. It appears 'further that the bills of exceptions recited that the recitals in the deed of trust showed that the money was, in fact, borrowed to pay for improvements; if this be true, appellant's assignments, which on their face are merely objections to the introduction of the note, the deed, and the deed of trust, and which apparently are not sufficient to reach the questions in the case, may be, in one instance, barely sufficient. In other words, if the deed of ·trust showed on its face, as the bill of exceptions states that it does, that it was given for money loaned to pay for improvements on a homestead, the question might, perhaps, be reached by the assignment to the admission of the deed of trust.

We prefer, however, to put our decision on the fact that it appears that appellant pleaded a defense which, if proven, might have constituted a valid defense to the suit—that he had been deprived of conclusions of fact and law through no fault of his own, and that the resultant statement of facts omits some matters which we know might have been contained in it. To illustrate, it might have given the full recitals in the deed of trust.

We therefore hold that the first assignment of error is well taken, and the case is reversed and remanded.