## EATON v. KLEIN.

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1911.)

1. APPEAL AND ERROR (§ 391*) — BONDS — NEW SECURITY.

Where the appellant filed a defective bond within 20 days after judgment and thereafter substituted a valid one, the appeal will not be dismissed for failure to file a bond within the time limited, for the filing of a defective bond within the time limited perfects the appeal, and Acts 29th Leg. c. 115, gives appellant the right to amend a defective bond or to substitute a new one.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2077–2088; Dec. Dig. § 391.*]

2. TRIAL (§ 388*)—FAILURE TO FILE CONCLUSIONS OF LAW AND FACT.

Where a party properly requested the court to file his conclusions of fact and law and the court failed to do so, the error was reversible, for Rev. St. 1895, art. 1333, makes it the duty of the court to file such conclusions upon a request of parties to the suit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908–915; Dec. Dig. § 388.*]

Appeal from McLennan County Court; Tom L. McCulloch, Judge.

Action by E. S. Klein against J. H. Eaton. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

S. E. Stratton, for appellant.

RICE, J. This suit was brought by appellee against appellant to recover certain commissions alleged to be due by him to the firm of Klein & Witt, one-half of which amount, it is claimed, was transferred and assigned by Witt to Klein, and payment thereof guaranteed. The case was tried before the court without a jury, who rendered judgment for appellee against appellant for the full amount claimed, and judgment against Witt for one-half thereof, provided, however, that, if the judgment against the appellant should be satisfied in full, the judgment against Witt should likewise be regarded as satisfied.

[1] The appellee has filed a motion to dismiss the appeal on the ground that the appeal bond, as appears from the record, was not filed within 20 days from the adjournment of the court, as required by law. Appellant, answering this motion, sets up the fact that within the time required for filing an appeal bond he did in fact file in the court below his appeal bond, which was approved by the clerk; but discovering that he had failed to make the bond payable to Witt, as well as to appellee, he filed a new appeal bond to correct said defect. This last bond, however, was not filed within the 20-day period. The first or original bond was never withdrawn, but it seems to have been lost from the file papers of the case, for which reason we suppose the clerk below in making up the transcript only incorporated therein the second bond. Appellant further answered said motion to dismiss, setting up these facts, and alleged that he had filed his application in the court below to substitute the original bond, which resulted in a judgment in his favor substituting the first bond, a certified copy of which, together with the judgment of the court substituting the same, being attached to his answer, and which he asked might be filed herewith as a part of the transcript in this cause. We think that the filing of the first bond perfected his appeal to this court, notwithstanding the fact that it may have been defective, and that he had a right, under our statute which permits a defective bond to be amended, either in form or in substance, to file the new bond; and this may be done even on appeal. See Acts 1905, p. 224, 29th Leg.; also McIlwaine's Ann. Dig. art. 1677r. For which reason the motion to dismiss is overruled, and the clerk of this court is directed to file the substituted bond, together with the papers attached to appellant's answer to said motion, as a part of the transcript of the record in this cause.

[2] The first error assigned, we think, necessitates a reversal of the judgment of the court below. It appears that upon announcement of the judgment in open court appellant excepted, gave notice of appeal, and requested the court to file his conclusions of fact and law, which the court then and there promised to do. Thereafter, on several occasions within 10 days from and after the adjournment of said court, appellant's counsel called the attention of the court to his said request, repeating the same. Upon each occasion when the matter was so presented to the court, the latter assured counsel that he would file said conclusions of fact and law; but in truth did not do so, as is fully shown by the bill of exceptions. It seems that appellant, through his counsel, did all in his power to obtain compliance with his request in this respect, but has failed. No explanation is given by the court of his failure to file said findings of fact and conclusions of law, which we presume must have been overlooked, on account of the press of business. But, no matter what may have been the cause of this failure, it was through no fault of appellant, and it becomes our duty to reverse and remand the case for another trial on account thereof. This is the only redress that appellant could have. See article 1333, Rev. Civ. Stat. and also article 1382a, McIlwaine's Ann. Dig.; Wandry v. Williams, 124 S. W. 85; Werner Stave Co. v. Smith, 120 S. W. 248; Callaghan v. Grenet, 66 Tex. 236, 18 S. W. 507; Cason v. Connor, 83 Tex. 30, 18 S. W. 668; Dunlap v. Brooks, 3 Willson, Civ. Cas. Ct. App. § 357; Seymour Opera-House Co. v. Wooldridge, 31 S. W. 235; Osborne v. Ayers, 32 S. W. 73.

For the error indicated, the judgment of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

the court below is reversed and the cause remanded.

Reversed and remanded.