KYLE v. BLANCHETTE.

(Court of Civil Appeals of Texas. Galveston. June 26, 1913.)

APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR — FAILURE TO FILE CONCLUSIONS OF FACT AND LAW.

Under rule 62a for Courts of Civil Appeals (149 S. W. x), forbidding a reversal unless for error in the trial calculated to cause a wrong judgment, the unexcused refusal of the judge of the county court to file conclusions of fact and law, as required by Sayles' Ann. Civ. St. 1897, art. 1333, where such conclusions have been properly requested, and where there was a conflict in the evidence from which the court might have arrived at different con-

clusions as to the proximate cause of the accident, was reversible error, notwithstanding there was in the record a statement of facts agreed to by defendant's counsel.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by W. W. Kyle against Lee Blanchette, with counterclaim by defendant. Judgment against plaintiff for costs, and he appeals. Reversed and remanded.

Crook, Lord, Lawton & Ney, of Beaumont, for appellant. Watts & Wheat, of Beaumont, for appellee.

REESE, J. W. W. Kyle instituted this action in the justice court against Lee Blanchette, to recover damages alleged to have been sustained to his automobile by reason of a collision with the automobile of the defendant at a street crossing in the city of Beaumont. Plaintiff claimed $123 as the amount expended by him for repairs of said injuries to his machine. Defendant, by way of cross-action, claimed damages to his machine from the same cause amounting to $200. Each party claimed that the accident was caused by the negligence of the driver of the other machine in running at a greater rate of speed than was allowed by the ordinance, and in driving on the wrong side of the street in violation of the ordinance of the city. On trial in the justice court neither party recovered damages, judgment being against the plaintiff for costs. Plaintiff appealed to the county court, where a trial without a jury resulted in a like judgment, from which plaintiff appeals.

As is shown by proper bill of exceptions, when the court overruled the appellant's motion for a new trial, and prior to the expiration of the term, appellant filed with the papers in the cause, and presented to the court, his request in writing that the court prepare and file its conclusions of fact and law. This fact is also shown by the order of the court overruling the motion for a new trial. The trial court failed to comply with this request, to which appellant excepted and prepared a proper bill of exceptions which was examined and approved by the county judge without explanation or qualification. By his third assignment of error appellant complains of this failure of the trial court, and assigns the same as ground for reversal. No excuse is attempted to be made for this failure of the trial court to comply with the plain and imperative command of the statute. Sayles' Civil Statutes, art. 1333. Appellant complied strictly with every requirement necessary to entitle him to have the conclusions filed, and to avail himself on appeal of the failure on the part of the court to do so. There is a statement of facts in the record, but for which a reversal of the

judgment would follow as a matter of course. But it has been held, following the opinion, or suggestion, of the Supreme Court in Bank v. Stout, 61 Tex. 571, that when a statement of facts is in the record, the judgment will not be reversed if the case is such as did not require such a statement for the proper presentation or understanding of it in the appellate court. Jacobs v. Nussbaum, 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 852. Although there was no statement of facts in the record in the case of Wandry v. Williams, 103 Tex. 91, 124 S. W. 85, the holding by the Supreme Court that a failure to file conclusions of fact and law by the trial court, when properly requested, was ground for reversal, is not made to any extent to rest upon this ground. A discussion of the authorities will be found in Wood v. Smith, 141 S. W. 795, by the Court of Civil Appeals of the Eighth District. Notwithstanding there is in the record a statement of facts agreed to by counsel for appellant, we do not think that the case presented is such that we can say that appellant is not prejudiced by the failure of the trial court to file the conclusions as required by law. There is a clear conflict in the evidence, from which the court might have arrived at either one of two or three different conclusions as to the proximate cause of the accident. We dislike to reverse the judgment on this ground, but appellant's plain statutory right has been denied without excuse, in such a way as to prevent the proper presentation of his case in this court, within the terms of rule 62a (149 S. W. x), adopted by the Supreme Court October 30, 1912. The assignment is well taken, and must be sustained.

The other assignments of error need not be passed upon further than to say we think appellant is in error as to the conclusive effect of the evidence. For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.