FT. WORTH & R. G. RY. CO. et al. v. TUGGLE. (No. 8708.)

(Court of Civil Appeals of Texas. Ft. Worth. June 30, 1917.)

1. APPEAL AND ERROR ⊂⊃547(2)—RECORD — FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW—STATEMENT OF FACTS.

In the absence of a statement of facts, the failure of the trial judge to file findings of fact and conclusions of law, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1989, requires reversal of the judgment.

2. APPEAL AND ERROR ⊂⊃547(2) — RECORD — FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW—SHOWING BY BILL OF EXCEPTIONS.

The failure of the trial judge to file findings of fact and conclusions of law, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1989, must be shown by bill of exception to authorize consideration of it as cause for reversal, as provided in rule 55 of the Court of Civil Appeals (142 S. W. xxi).

3. APPEAL AND ERROR ⊂⊃933(1) — PRESUMPTION—RULING ON MOTION FOR NEW TRIAL.

In the absence of showing to the contrary, the trial court's order overruling motion for new trial will be presumed to have been correct, and, if necessary to support the order, the presumption will be indulged that defendant's application for the filing of findings of fact was withdrawn or waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3772.]

4. WATERS AND WATER COURSES ⊂⊃179(1) — OBSTRUCTION OF RAINFALL OVERFLOWING LANDS—PLEADING.

In an action against a railroad and its receiver for damage to plaintiff's land by the overflow of obstructed rainfall, where the petition alleged that the obstruction was due to the negligent construction of the roadbed originally, as well as to the negligence of the receiver in maintaining and operating it after construction, a cause of action was stated against the railway.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–247, 263.]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by T. H. Tuggle against the Ft. Worth & Rio Grande Railway Company and others from a judgment for plaintiff, defendants appeal. Affirmed.

Kearby & Kearby, of Comanche, for appellants. Smith & Palmer, of Comanche, for appellee.

DUNKLIN, J. This appeal is prosecuted by the Ft. Worth & Rio Grande Railway Company and G. H. Schleyer and Avery Turner, its receivers, from a joint judgment rendered against them in favor of plaintiff, T. H. Tuggle, upon pleadings alleging, substantially, that through defective construction and maintenance of the roadbed of the defendant railway company across plaintiff's land the natural flow of water from rainfall had been so obstructed and diverted as to cause the overflow of plaintiff's land adjacent to the roadbed and the destruction of crops growing thereon. The trial was by the court without the aid of a jury, and by the first assignment of error it is insisted that the judgment should be reversed because of the failure of the trial judge to file findings of fact and conclusions of law, as provided by article 1989, Vernon's Sayles' Texas Civil Statutes. The record contains no statement of facts.

[1, 2] According to numerous decisions, such as Wandry v. Williams, 103 Tex. 91, 124 S. W. 85, and T. & N. O. Ry. Co. v. Highland Dairy Co., 137 S. W. 137, in the absence of a statement of facts such a failure of the trial judge requires a reversal of the judgment rendered by him. But it is also well settled that such failure must be shown by a bill of exception in order to authorize a consideration of the same as a cause for reversal, as provided in rule 55 (142 S. W. xxi). Boyette v. Glass, 140 S. W. 819, and decisions there cited. The reason for such a requirement is given by our Supreme Court in Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742, as follows:

"It may frequently occur that a party who has filed his application for findings of fact and law

may waive or withdraw it. Without a bill of exceptions, when the findings do not appear, we cannot know that this has (not) been done."

[3] The record shows that appellant filed a written request to the trial judge to file such findings, but there is no bill of exception showing that the application was ever brought to the attention of the court, and that he refused to comply with the request. We do find that the failure of the trial judge to file such findings was urged as one of the grounds for a new trial in the motion for new trial filed by appellants. Even though it could be said that such a complaint had a proper place in the motion for new trial, which we doubt, in the absence of some showing to the contrary, the order of court overruling the motion would be presumed to be correct, and if necessary to support the order, the presumption would be indulged that the application for the filing of such findings had been withdrawn or waived.

[4] It is further assigned as fundamental error that the allegations contained in plaintiff's petition, even if true, did not state a cause of action against the defendant railway company, in that it was alleged, substantially, that the receivers were in possession, control, and management of the roadbed and other properties of the railway company, including its "culverts, sluiceways, and drainage along said roadbed and right of way" at the time plaintiff sustained the damages complained of. There is no merit in this assignment, since it was further alleged that the obstruction of the flow of water from rainfall was due to the negligent construction of the roadbed originally as well as to the negligence of the receivers in maintaining and operating the same after being so constructed.

All assignments of error are overruled, and the judgment of the trial court is affirmed.