OWEN, et al. v. SMITH. (No. 854.)

(Court of Civil Appeals of Texas. El Paso. May 2, 1918. Rehearing Denied June 6, 1918.)

1. APPEAL AND ERROR ☞1071(6)—HARMLESS ERROR — FAILURE TO FILE FINDINGS AND CONCLUSIONS.

Since the right of a party on proper demand to have findings of fact and conclusions of law filed in a case tried without a jury is one given by statute, the court on appeal cannot say that the failure to make them, or, having made them, to file them in time, is harmless error.

2. APPEAL AND ERROR ☞527(2) — SCOPE OF REVIEW.

Findings of fact and conclusions of law not filed within the time required by law cannot be considered on appeal.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Action by L. C. Smith against Huts Owen and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Walker & Burleson, of San Saba, for appellants. J. H. McLean, of Llano, for appellee.

WALTHALL, J. L. C. Smith brought this suit in the district court of San Saba county against Huts Owen and Jim P. Kelley to recover on a note for $937.63, the note being given in extension of the balance due on two former notes of defendant's; said two former notes being secured by a chattel mortgage on steers.

The steers were sold by appellants, defendants below, and the proceeds placed in the San Saba National Bank, against which appellants checked, among other things, for the purchase price of 112 head of heifers, thereby exhausting the bank account, and leaving unpaid the balance due on said two former notes for which the renewal note sued on was given. J. E. Odiorne, who at that time had charge of the business affairs of the bank, realizing that the bank had permitted the security fund to be misapplied, had appellants to execute the renewal note and a chattel mortgage on the 112 head of heifers, with the promise to appellants that he (Odiorne) would try to get Smith to carry same, and which Smith did accept upon the representation by Odiorne that 50 head of said heifers would be shipped out in a few days, and the proceeds applied as a credit on said note. A few days after the execution of the renewal note and the mortgage on the heifers, upon the representations made by Odiorne to appellants to the effect that Smith was not satisfied with said arrangement, and that the heifers would have to be shipped out and sold, appellant Kelley sold his equity in said heifers to Odiorne and the bulk of said heifers were then shipped to market and sold.

Appellants admit the execution and delivery of the renewal note and mortgage, and by cross-action alleged substantially that Odiorne was the agent of Smith in the transaction of the renewal note and mortgage; that at the time they executed the note and mortgage on the heifers they informed Odiorne that if they could hold said cattle for 60 days they had said cattle sold for $39.50 per head; that in a few days after the renewal note and the mortgage was made Odiorne informed appellants that Smith had instructed him that he did not make loans on heifers and that the cattle would have to be shipped to market; they further alleged that the statements so made by Odiorne were false and fraudulently made for the purpose of inducing them to turn said cattle over to Smith. They allege that they protested against shipping the cattle; that the market had declined and that said cattle then shipped would lose money; but believing the said statements to be true, and that Smith had so instructed, they were induced thereby to let said cattle be shipped. They allege a loss of $8.30 per head. Appellee denied the allegation of fraud and false statements.

The case was tried without a jury, and judgment was rendered for appellee. Appellants, by demand entered of record, requested the trial court to file findings of fact and conclusions of law. The judge filed findings of fact and conclusions of law, but not within the time required by the statute. The failure to file such findings and conclusions is made the ground of the first assignment of error. An agreed statement of facts approved by the court was filed, and the contention of appellee is that the failure to file the findings and conclusions in time is harmless and not a proper ground for reversal.

There is a clear conflict in the evidence on more than one material issue from which the trial court might have arrived at either conclusion on the issues tendered. In approving the bill of exceptions to the failure to file conclusions of fact and law, the trial judge states that such findings and conclusions were prepared in due time, but that on account of being engaged in the trial of a murder case in another county he failed to send his findings and conclusions to the clerk within the time required, and states that he did not refuse to file same, but that his attention was not called to the matter of such filing, and that while engaged in the trial of the murder case the matter of such filing was forgotten. We make this statement in justice to the trial judge, and to show that it was through no fault of appellants that the findings and conclusions were not duly filed.

The cases involving the question presented are not altogether harmonious. We think we need not enter into an extended discussion of the question but refer to the following cases which present the views entertained by this

court: Wood et ux. v. Smith et al., 141 S. W. 795, Bloch v. Bloch, 190 S. W. 528, and cases there referred to.

[1, 2] As said by Mr. Justice Higgins, in the case last above noted:

"It is a right granted by the statute, and we are unable to say that the failure to comply with the request is not harmful in such cases."

Findings of fact and conclusions of law not filed within the time required by law cannot be considered on appeal. Standard Paint & Wall Paper Co. v. Rowan, 158 S. W. 251; Houston Oil Co. of Texas v. Ragley McWilliams Lumber Co., 162 S. W. 1183. Appellants have the right to have the trial court, who had witnesses before him, pass upon and make findings upon the two material controverted issues of fact tendered in the case, viz. agency and false and fraudulent representations of the alleged agent. The assignment must be sustained.

Reversed and remanded.