### BEAVERS v. SUPREME HOME OF ANCIENT ORDER OF PILGRIMS. (No. 7612.)

(Court of Civil Appeals of Texas. Galveston. June 26, 1918.)

TRIAL ⬥388(1)—FAILURE TO FILE FINDINGS AND CONCLUSIONS.

Where, by the pleadings and evidence, issues of fact are raised, failure of the trial judge after due request to file findings of fact and conclusions of law, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1989, 2075, is reversible error.

Error from Harris County Court; Murray B. Jones, Judge.

Suit by Robert Beavers against Supreme Home of Ancient Order of Pilgrims. From judgment for defendant, plaintiff brings error. Reversed and remanded.

Fred R. Switzer, of Houston, for plaintiff in error. Ross & Wood, of Houston, for defendant in error.

LANE, J. This suit was brought by Robert Beavers, plaintiff in error, against Supreme Home of Ancient Order of Pilgrims,

an insurance society for colored people, incorporated under the laws of the state of Texas. The cause was submitted to the court without a jury, upon the evidence adduced. Upon such evidence the court rendered judgment for the defendant in error. To this judgment Robert Beavers excepted and thereafter perfected his appeal to this court.

As shown by appellant's bill of exceptions, filed within the time allowed by law, plaintiff in error in due time requested the court in writing to prepare and file his findings of fact and conclusions of law. The court failed to prepare and file his findings of fact and conclusions of law as requested by plaintiff in error, as shown by his bill of exceptions as follows:

"Be it remembered that in the above entitled and numbered cause on the 5th day of July, 1917, and during the term of this court at which the judgment was rendered for the defendant in the above entitled and numbered cause and prior to the adjournment of said term of court, the plaintiff by his attorney of record filed with the clerk of this court among the papers in said cause a written motion and demand on behalf of the plaintiff, that the court and the judge thereof prepare and file with the clerk of said court his findings of fact and conclusions of law respectively in said cause. That the said motion and demand was presented to the court and called to the attention of the court and the judge thereof in open court on the said 5th day of July, 1917. That the said term of court adjourned the 4th day of August, 1917. That the court and the judge thereof failed to comply with the said motion and demand and failed to prepare or file with the clerk of the court any findings of fact or conclusions of law in this case during said term of court, or within ten days after final adjournment of the term of this court at which the said cause was tried and judgment entered. And that no findings of fact or conclusions of law have to this date been prepared by this court or the judge thereof, or filed with the clerk of this court in this cause.

"To which several acts and omissions of the court and the judge thereof the plaintiff desires to except, and here now tenders this his bill of exception, and prays that the same be taken, approved and signed by the court as his bill of exceptions, and that the same be ordered filed as a part of the record in this cause. The foregoing bill of exception has been examined, found correct, and is hereby signed and approved and ordered filed as a part of the record in this cause. This 11th day of Sept. 1917. Murray B. Jones, Judge of the County Court at Law of Harris County, Texas."

No statement of facts was prepared or filed.

The contention of plaintiff in error is that the court committed reversible error in failing and refusing to prepare and file his findings of fact and conclusions of law. This contention must be sustained. From the issues as made by the pleadings, it is evident that several issues of fact were raised by the evidence, and when there has been a seasonable demand made for findings of fact and conclusions of law and none are filed, and where no statement of facts is filed, the judgment against the complaining party, who requested the filing of such findings, will be reversed and the cause will be remanded. Vernon's Sayles' Civil Statutes, arts. 1989 and 2075; Wandry v. Williams, 103 Tex. 191–194, 124 S. W. 85; Sutherland v. Kirkland, 134 S. W. 851; G., C. & S. F. Ry. Co. v. Bracken, 180 S. W. 285; Scroggins v. Lumber Co., 138 S. W. 789; Buckner v. Davis, 129 S. W. 639, and authorities there cited.

The right to the findings of fact and conclusions of law is a statutory right, and a refusal of the trial judge to file the same, after seasonable request has been made therefor by the losing party, and when such refusal or failure probably deprives the appellant of the proper presentation of the case on appeal, as is the situation in this instance, constitutes reversible error.

For the error pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.