STEWART & THREADGILL v. EL PASO & S. W. CO. et al. (No. 886.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1918. On Rehearing, Dec. 18, 1918. Further Rehearing Denied Jan. 9, 1919.)

APPEAL AND ERROR ☞1071(6)—FAILURE TO FILE CONCLUSIONS OF FACT AND LAW—CONFLICTING EVIDENCE—REVERSAL.

In shipper's action involving issues as to whether two railroads were negligent in handling shipment of live stock, whether shipper was damaged thereby and amount of any damage, where the evidence was conflicting and the court,

sitting without a jury, dismissed one defendant and found for the other, its failure to file its findings of fact and conclusions of law, after due request, under Rev. St. 1911, art. 2075, prevented appellant from fairly presenting the appeal, and was ground for reversal.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Stewart & Threadgill against the El Paso & Southwestern Company and the Galveston, Harrisburg & San Antonio Railway Company. Judgment by the court, sitting without a jury, dismissing the El Paso & Southwestern Railway Company from the suit, and in favor of the Galveston, Harrisburg & San Antonio Railway Company, and plaintiffs appeal. Reversed and remanded.

Jackson & Isaacks, of El Paso, for appellants.

Beall, Kemp & Nagle, of El Paso, Baker, Botts, Parker & Garwood, of Houston, and W. A. Hawkins, of El Paso, for appellees.

HARPER, C. J. This was a suit brought by appellants, Stewart & Threadgill, a copartnership composed of J. F. Stewart and W. W. Threadgill, against the El Paso & Southwestern Company and the Galveston, Harrisburg & San Antonio Railway Company, appellees, in which the appellants sought damages of the appellees for alleged negligence in the shipment of about 2,000 head of goats from Turquoise, N. M., to Del Rio, Tex., over the railway of the appellees, the appellants alleging that, on account of the delays and other negligence of the appellees, the goats were injured, and the appellants thereby damaged in the sum of $2,500. The appellee El Paso & Southwestern Railway Company answered by general demurrer and general denial. The appellee Galveston, Harrisburg & San Antonio Railway Company, by their first amended original answer, answered by general demurrer and general denial and a special plea that the shipment was an interstate shipment, and under the terms of the bill of lading appellants valued their goats at $3 per head, and thereby secured lower rates than they would have secured, and that appellants were estopped from claiming a greater value of said goats. The case was tried before the court without a jury, and on December 26, 1917, the court rendered judgment, dismissing the appellee El Paso & Southwestern Railway Company from the suit, which order of dismissal was entered nunc pro tunc on January 26, 1918, and on January 4, 1918, rendered judgment in favor of the appellee Galveston, Harrisburg & San Antonio Railway Company, from which judgments the appellants, Stewart & Threadgill, have appealed.

We are asked to reverse this judgment up-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the sole ground that the trial court failed to file its findings of fact and conclusions of law upon proper and seasonable request, having been filed as provided by article 2075, Revised Civil Statutes of Texas of 1911. It will be noted from the statement of the nature of the case that for plaintiff to recover there were only two questions of fact to be determined by the trial court, viz. was the railroad company negligent in handling the goats? and were they injured or damaged by reason of such negligence? The judgment entered is equivalent to findings upon both in favor of defendant, and the law applicable followed in due course. We note also that a motion for a new trial was filed in which the sole point is urged that under the evidence the trial court should have found for the plaintiff. We further note that a statement of facts was prepared and filed and brought into this court with the record, and it is properly certified to by the trial judge. It is further noted that appellant's counsel refused to agree upon a statement of facts solely upon the ground that the court had failed to make and file findings of fact and conclusions of law, and that there is no contention upon the part of appellant that the statement of facts is not full and complete, and it may be further noted that by the assignments of error filed in the trial court the sole point raised, aside from the failure to file findings of fact and conclusions of law, is that the judgment of the court is contrary to the law and the facts. There is no suggestion in the brief of appellants that they have been prejudiced by the failure to file findings of fact and conclusions of law, and we think the record before us conclusively shows that no other assignment of error could have been made had the findings been made. Therefore, adopting the reasoning of Chief Justice Conner in his dissenting opinion in Emery v. Barfield, 156 S. W. 311, confirmed by the opinion of the Supreme Court, 107 Tex. 306, 177 S. W. 952, we hold that:

"It does not appear that the omission of the trial judge to duly file his conclusions has prevented a proper presentation of the questions involved in this appeal, nor has it operated to the prejudice of appellants in presenting their appeal. It does not therefore, in itself, warrant a reversal of the judgment." Rule 62a (149 S. W. x).

Affirmed.

HIGGINS, J. (concurring). The record discloses that judgment against appellants was rendered January 4, 1918. Assignments of error, containing a number of specifications, were filed March 18, 1918. Appellants filed the transcript in this court on March 25, 1918. Thereafter, and in due time, appellee filed its motion in this court for permission to file the statement of facts, which was grant-

ed, and the statement was filed. Attorneys for appellants declined to agree to same, and it was prepared by the trial court. Upon its face it appears to be fair and complete, and there is nothing to indicate the contrary. Appellants' brief was filed long subsequent to the filing of the transcript and statement of facts. The sole ground of error presented in the brief is the failure to file the findings of fact and conclusions of law. The issues in this case are few and simple, and upon the facts reflected by the pleadings and evidence, I see no reason why appellants could not have properly presented all of the assignments which they filed in the lower court, and had the merits of their appeal decided, notwithstanding the failure of the trial court to file findings and conclusions.

Where the record discloses that appellants have been deprived of no substantial right by the failure of the trial court to file his findings and conclusions, and has not been thereby prevented from making a fair presentation of the merits of his appeal, I think it clear, upon the authorities cited in the opinion of the Chief Justice, that there should be no reversal by reason alone of such failure. I attach no importance to the fact that the statement of facts was not an agreed one. If it was fair and complete, that is all appellants have a right to expect of any statement of facts.

I do not desire to be understood as holding that trial courts are at liberty, at will, to disregard the plain provisions of article 1989 and deprive litigants of the right therein granted. I merely hold that in this particular case appellants were not deprived of any substantial right by the omission of the trial court, and are therefore not entitled to a reversal.

For this reason, I concur in the affirmance.

On Rehearing.

HARPER, C. J. Upon consideration of appellants' motion for rehearing, the conclusion is reached that we erred in affirming this case, and that same should be reversed on account of the failure of the trial court to file its findings of fact and conclusions of law, as requested by appellants.

Judge Conner's dissenting opinion in Emery v. Barfield, 156 S. W. 311, approved by the Supreme Court (107 Tex. 306, 177 S. W. 952), was cited in support of the conclusion that the failure to file these findings upon the record presented in the instant case did not necessitate a reversal. In Peers v. Williams, 174 S. W. 864, an appeal was presented upon an agreed statement of facts. The trial court, however, had failed to file findings of fact and conclusions of law as requested by appellant. The case was reversed solely on account of this failure in an opinion likewise written by Chief Justice Conner. Discussing the matter, Judge Conner says:

"Possibly the able judge who tried the case deemed it immaterial to so file his conclusions, in view of a line of decisions of our courts holding that a failure to comply with the statute by filing conclusions when seasonably requested is not a sufficient ground to cause a reversal of a judgment on appeal where, as in this case, there is a statement of facts. See Jacobs v. Nussbaum [63 Tex. Civ. App. 520] 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 851. But these cases proceed upon the assumption that the facts were substantially undisputed, and that therefrom it affirmatively appeared that the failure was without probable harm, the court in each instance practically applying the principle now embodied in rule 62a (149 S. W. x), which provides that: 'No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court.'

"None of these cases go so far as to hold that it is not error to fail to file conclusions when properly requested, and it will be found, we think, to be substantially the uniform rule to reverse the judgment in case of such failure where there is no statement of facts or where the evidence exhibited in the statement is conflicting. See Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Wood v. Smith, 141 S. W. 795; Shepherd & Davenport v. McEvoy, 144 S. W. 285; Kyle v. Blanchette, 158 S. W. 796.

"In the case now before us the evidence indicates several possible theories for appellee's recovery, none of which is free from difficulty. For instance, it may possibly be contended that the 120 bales of cotton burned in fact weighed more than is shown by the gin weights at Myra, for which excess appellant should account under the terms of the original agreement between the parties, or it may be contended that, regardless of the issue of an excess, appellant should account to appellee for money had and received under the terms of the agreement, if any, with the railway company's claim agent. But these are mere conjectures. It cannot be said to be clear that appellee was entitled to recover upon either theory suggested, and the very least that may be said of the testimony is that it is conflicting, and appellant under the law has a clear right to have the conflict determined in a court having original jurisdiction for the determination of conflicting evidence; this court having no such power.

"In accordance with the authorities cited, it is ordered that the judgment be reversed and the cause be remanded."

As is thus pointed out, all of the cases, apparently, where a judgment has been affirmed, notwithstanding the failure of the trial court to file findings and conclusions, proceeded upon the assumption that the facts upon the material issues in the case were substantially undisputed, and that it therefore affirmatively appears the failure was without probable harm.

In the case at bar, there were three issues of fact presented, viz.: Was the railroad company negligent in handling the animals? Were they damaged by reason of any such negligence? And, if so, the amount of such damage. Upon each of these issues, the evidence was conflicting. This court is unable to determine what the finding of the trial court was in respect to these several issues. The trial court may have found that the company was negligent, but that the animals had not been damaged, or its findings may have been vice versa. Or it may be that the court found all of these issues of fact in favor of the appellants, but may have deduced an incorrect legal conclusion. We are without any information as to the basis of the court's action in rendering judgment for the defendant. In this condition of the record, we are now of the opinion that we erred in holding that the failure of the trial court did not prevent appellants from making a fair presentation of their appeal. It may be that had the court filed the findings and conclusions, the appellants would not have been able to show any reversible error, but we cannot so presume. In support of the conclusion now reached, see the following authorities: Schofield v. Bank, 175 S. W. 506; Overton v. K. of P., 173 S. W. 472; Broderick v. Brick Co., 150 S. W. 600; Poulter v. Smith, 149 S. W. 279; Owen v. Smith, 203 S. W. 1171; Bloch v. Bloch, 190 S. W. 528; Guadalupe County v. Poth, 153 S. W. 919; Railway Co. v. Dairy Co., 137 S. W. 137; Sutherland v. Kirkland, 134 S. W. 851.

The motion for rehearing is granted, and the cause now reversed and remanded.