**IRWIN v. STATE NAT. BANK OF FT. WORTH. (No. 9272.)**

(Court of Civil Appeals of Texas. Ft. Worth. March 20, 1920. On Motion for Rehearing, April 17, 1920.)

1. **Appeal and error** ⬤⟲662(3)—Bill of exceptions held to show request for findings and conclusions.

Though the trial judge qualified the bill of exceptions with the statement that he had no recollection as to any request that he file written findings of fact and conclusions of law, yet, where the qualification admitted the appellant's contention that such request was made, the fact of making must be accepted on appeal.

2. **Trial** ⬤⟲388(1)—Where trial judge failed to file findings and conclusions, judgment reversed.

Where, though requested, the trial judge failed to file written findings of fact and conclusions of law within time, judgment for plaintiff will be reversed, and the cause remanded, pursuant to Rev. St. 1911, arts. 1989, 2075, provided the pleadings made out a defense which, if supported by evidence, could have entitled defendant to judgment.

3. **Bills and notes** ⬤⟲90—Note unsupported by consideration unenforceable.

A note, wholly unsupported by consideration, is unenforceable between the parties, being of no higher effect than any other written obligation.

4. **Bills and notes** ⬤⟲92(1)—Compositions with creditors ⬤⟲21—Settlement constitutes complete discharge.

The settlement of a debt for less than its face under a composition of creditors is valid as a complete discharge; and, where the debtor thereafter gave one creditor a note for the amount of the debt, less that paid on settlement, such note was unsupported by consideration.

On Motion for Rehearing.

5. **Trial** ⬤⟲392(3)—Request for written findings need not be in writing.

Under Rev. St. 1911, art. 1989, providing that, on trial, the judge shall, at the request of either party, state in writing the conclusions of fact found by him, etc., it is unnecessary that the request itself be in writing.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by the State National Bank of Ft. Worth against D. L. Irwin. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John L. Poulter and J. R. Black, both of Ft. Worth, for appellant.

Ross, Ross & Alexander, of Ft. Worth, for appellee.

BUCK, J. Appellee, as plaintiff, sued D. L. Irwin on a promissory note for $884, dated December 2, 1913, payable to plaintiff 60 days after date. Defendant answered, among other pleas, that during the year 1911 he was engaged in the retail lumber business in the city of Ft. Worth, and that he took over the business of Guy C. Elliott & Co., of Smithfield, Tex., some three or four years prior to December 2, 1911, and that, after conducting said business at Smithfield for some time, he moved the same to Ft. Worth, and conducted the same in his own name; that on the 1st day of January, 1912, he was insolvent, and that his credi-

tors, who were unsecured, among them the plaintiff, became dissatisfied, and held a meeting in the city of Ft. Worth, whereby it was agreed that he should turn over all his property to be sold for the benefit of said creditors, and that he should be released from his said indebtedness; that at that time he owed the State National Bank, plaintiff herein, a little over $1,300, and on March 1, 1912, plaintiff made a settlement with his unsecured creditors, paying them 33⅓ cents on the dollar, and that on or about said date plaintiff was paid the sum of $442.79 in full satisfaction of plaintiff's said debt against defendant as evidenced by his note in writing; that the plaintiff delivered to the defendant said note, duly canceled and marked paid, in consideration of the said payment of $442.79, and defendant's insolvency; that some six months later, plaintiff's cashier represented to defendant that it would like to have his note for $884 for the purpose of making a good showing to the bank examiner and for no other purpose, and that defendant would not be bound in any way for the payment of the same; that thereupon defendant executed his note for $884, payable to plaintiff, but that he did not receive any money, credit, goods, chattels, or anything of value therefor. He further pleaded that he executed renewals of the $884 note, one on March 5, 1913, one on September 3, 1913, and one on December 2, 1913, and that at the time said renewals were executed defendant did not receive any other consideration except as above stated. He further pleaded that the cashier, in so representing to him and in securing said note, represented the plaintiff, and that said note was void for lack of consideration, and defendant was not bound thereby. Upon a trial without a jury, the court found judgment for plaintiff in the sum of $1,390.87, from which the defendant has appealed.

[1, 2] The only assignment is that the court erred in failing and neglecting to prepare in writing and file his findings of fact and conclusions of law within 10 days after the final adjournment of the term of the court in which the judgment was rendered. The trial judge qualified said bill of exception in the following words:

"The above bill of exception is allowed, with the explanation that no motion in writing was at any time filed, requesting the court to file his findings of fact and conclusions of law, and the court has no recollection at this time of having been requested to file same, but from the statement of the attorney representing the defendant, J. E. Black, that he made such request, the court presumes that he did so. However, the attention of the court was, at no time called to such request by any one up until the 29th day of May, when said attorney, J. R. Black, presented this bill of exception to the court's failure to file findings of fact and conclusions of law; and at said time

the court informed said attorney that he had no recollection of any request having been made, and that his attention had at no time been called to it, and offered at said time to file findings of fact and conclusions of law, when said attorney stated that he would not agree to same being filed at this time, but would object to same. There was and is no desire on the part of the court to avoid filing findings of fact and conclusions of law, and the same would have been filed had his attention been called to such request, even though same was not in writing. The court would have filed same, as above stated, when his attention was called to it, had it not been objected to by said attorney, claiming that he had made such request of the court previously.

"With this explanation the bill of exception is ordered filed, and made a part of the record.

"This the 2d day of June, A. D. 1919."

From this qualification it would appear that the trial judge accepted the statement of the attorney representing the defendant that the latter did make in due time such request to file findings of fact and conclusions of law. Hence we will not be permitted to question such fact. No statement of facts accompanies the record in this case, and the only question for us to decide is whether, under the pleadings below, the defendant made such a defense as, if supported by evidence, would have entitled him to a judgment. If he did so, in the absence of a statement of facts, it becomes our duty to reverse the judgment and remand the cause. Article 1989, Rev. Civ. Stats.; article 2075, Rev. Civ. Stats.; Ft. Worth & D. C. Ry. Co. v. Tuggle, 196 S. W. 910; Beavers v. Home of Pilgrims, 204 S. W. 718; Owen v. Smith, 203 S. W. 1171; Wood v. Smith, 141 S. W. 795; Eaton v. Klein, 141 S. W. 828; Poulter v. Smith, 149 S. W. 279.

[3, 4] It is fundamental that an instrument given without consideration does not create any obligation at law or in equity in favor of the payee, and that in this respect a bill of exchange or promissory note is of no higher or different effect than any other contract in writing. 3 R. C. L. p. 924, § 121. It is also well established that a settlement of a debt for less than its face value under a composition of creditors is valid as a complete discharge. Hence, if the evidence sustained defendant's plea, defendant would be entitled to a judgment. In the absence of a statement of facts or findings of fact, we are unable to determine the bases of the trial court's conclusions for plaintiff. It is true that in all the cases cited by defendant a written motion was filed, but the statute does not provide that a written request or motion should be made. Article 1989, V. S. Tex. Civ. Stats.

We have concluded that under the authorities cited the judgment of the court below

must be reversed, and the cause remanded; and it is so ordered.

### On Motion for Rehearing.

[5] Appellee urgently but respectfully insists that on the original hearing we evidently did not read the authorities he cited, such as Owen v. Smith, 203 S. W. 1171; Railway Co. v. Tuggle, 196 S. W. 910; Beavers v. Order of Pilgrims, 204 S. W. 719; Kyle v. Blanchette, 158 S. W. 796. He is in error; we not only read all the authorities cited by both appellee and appellant, but many others. It is true that in the authorities cited by appellee, and in most of those cited by appellant, it affirmatively appeared that the request for findings of fact and conclusions of law were made in writing. But the statute does not require this. It doubtless is the better practice, and we believe ought to be the required practice, but article 1989, Rev. Civ. Stats., reads:

"Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusion of fact found by him," etc.

It is true that in Wandry v. Williams, 103 Tex. 91, 124 S. W. 85, the Supreme Court, says:

"The statute only requires that a request shall be *filed* [emphasis ours] that the judge shall make out his conclusions of fact and law."

But we conclude that the use of the word "filed" was accidental, and was not called for by the wording of the statute. Article 1918 defines what is meant by pleadings, and certainly this request is not a pleading. Article 2118, Civ. Stats., requires the clerk shall keep a motion docket, "in which he shall enter every motion filed in this court"; but neither here is the requirement made that all motions or requests made by parties litigant of the judge or court shall be in writing. In the absence of statutory provisions or rules of court requiring it, motions need not be reduced to writing, but may be made orally. 28 Cyc. p. 6, § C. When no fact is necessary to be found by the trial court passing upon the motion or request, and no question of law is involved, and no notice to the opposite party is required, but it is merely to invoke an action by the judge which the statute makes mandatory on his part, we conclude that neither our statutes nor the rules of practice in our courts require such request to be made in writing. 19 R. C. L. 672, 673; Bouvier's Law Dict. 2265.

Hence, while regretting the absence of a statute requiring this kind of a motion to be in writing, we conclude that the motion for new trial should be overruled; and it is so ordered.